## KENT *v.* DAVID.

To an action of slander for charging the plaintiff with having forged a certain instrument of writing, the truth was pleaded in justification. *Held*, that such a plea cannot be objected to, because it avers the forged instrument to be in the plaintiff's possession or destroyed. *Held*, also, that in a plea with such an averment, the instrument need not be so particularly described, as would be otherwise required.

If one of the counts of the declaration, in such action, be for charging the plaintiff with *forging* an instrument of writing, a plea to the whole declaration, that the defendant *uttered* the forged instrument, &c., is insufficient.

ERROR to the *Rush* Circuit Court. *David* was the plaintiff below, and *Kent* the defendant.

M'KINNEY, J.—This is an action of slander. The declaration contains two counts. By the first, the defendant is charged to have spoken of and concerning the plaintiff, among others, the following words: "You (the said plaintiff meaning) forged the order, and I (the said defendant meaning) can prove it." "I (the said defendant meaning) never gave to you, (the said plaintiff meaning,) or *William Mansfield*, or any other person, an order in *William Hudelson's* name: you (the said plaintiff meaning) forged the order." The charge in the second count is, "You (the said plaintiff meaning) are guilty of forgery."

The defendant pleaded in justification:—First, *actio non*, because he says that before the speaking, &c. of the several words, &c. to wit, on the — day of *May*, 1832, at, &c. the said plaintiff feloniously did falsely make, forge, and counterfeit a certain order, purporting to be an order from *William Hudelson* for seed corn, payable to bearer and directed to *Benjamin Gruwell*, and the same did utter and tender to the said *Gruwell*, as

a true and genuine order, to have the same received and paid to the said plaintiff as bearer thereof, as a true and genuine order from said *Hudelson* as signed by him, with intent to defraud the said *Hudelson;* which order he avers is in the hands and possession of the plaintiff, or destroyed, and cannot be produced, &c. Secondly, *actio non*, because he says that before the speaking, &c. of the words, &c., to wit, on the — day of *May*, 1832, at, &c., the said plaintiff feloniously did utter and tender for payment to one *Benjamin Gruwell* and others as true, a certain false, forged, and counterfeit instrument in writing, purporting to be an order drawn and signed by *William Hudelson* for seed corn, payable to the bearer thereof, addressed for payment to said *Benjamin Gruwell*, who then had in his possession corn of the said *William Hudelson*, knowing the same to be forged and counterfeit, with intent to defraud the said *Benjamin Gruwell;* which said false, forged, and counterfeit instrument in writing, is in the hands of the plaintiff, or lost, so that the defendant cannot produce it in Court, &c.

To each plea the plaintiff demurred specially; the demurrers were sustained, and, by consent, the Court assessed the damages and rendered judgment for the amount assessed.

A number of objections are presented by the demurrers to each plea. Among these, and most prominent, is the following:—that a defendant in the action of slander, the charge being forgery, cannot justify on an instrument alleged to be in possession of the plaintiff, or lost.

This objection grows out of an assumed analogy between indictments for forgery, and pleas in justification of a charge of forgery; and on the ground of the inflexibility of the rule, that in indictments for forgery the instrument must be set out. In 1 Chitt. C. L. 234,—3 ib. 1040,—and 2 East's C. L. 975, 985, it is laid down as a general rule, that in indictments for forgery, the instrument forged should be described particularly. The rule, however, is found not to be without its exceptions. In the case of *The Commonwealth* v. *Houghton*, 8 Mass. R. 107, which was an indictment for forgery, among other reasons in arrest of judgment, it was said, "that the said indictment does not contain any precise or sufficient description of the bills or notes alleged to have been in the possession of the defendant, either according to the tenor or purport of the same, nor is any reason alleged why they are not so described." The Court in giving its opinion,

referring to the rule we have mentioned, remarked, "but there are causes which will form just and necessary exceptions to this rule; as when the forged instrument has been destroyed by the prisoner, or has remained in his possession; and perhaps in other cases, where the instrument cannot be produced, and there are no laches on the part of the government or prosecutor. But, in every such instance in which the exception may be admitted, it must appear in the indictment what is the cause of the non-description of the instrument." In the case of *The People* v. *Kingsley*, 2 Cow. R. 522, the exceptions to the rule are recognized as correct, and it is held, that dates, sums, and times of payment may be omitted, and parol evidence given.

In the present case, the defendant justifies the speaking of the words charged, by alleging that the plaintiff feloniously made, forged, and counterfeited a certain order, which he avers is in the hands and possession of the plaintiff, or destroyed, and cannot be produced. If an order has been forged, and in the attempt to pass it, suspicions are excited which induce its destruction as a supposed means of arresting a prosecution, or if by accident the order be lost, the offence of which the party was guilty, both in a moral and legal sense, is the same; and it would surely be a perversion of justice to say, that the party becomes purified and is permitted to recover damages from one who has spoken of his guilt. As the rule requiring, in indictments for forgery, that the instrument should be set out particularly, is subject to exceptions, and as the defendant has brought himself within the exceptions, admitting that the same strictness is necessary in a plea of justification as is required in an indictment for forgery, so far as this objection goes the pleas are good. As remarked, however, several objections were made to each plea. That examined is the only one to the first plea, upon which we are inclined to think the demurrer could have been sustained. The plea contains all the averments necessary to constitute a bar to the action, and we think the Circuit Court erred in sustaining the demurrer to it.

The second plea, on another ground, is insufficient. The plaintiff is charged by the defendant, as appears in the first count, with forging an order. By his second plea, an answer to the whole declaration, he justifies by alleging that the plaintiff uttered a forged order. The rule is settled that, in the action of slander, when a defendant justifies, he must justify

Nov. Term,
1833.

the specific charge laid. He is not permitted, when he has charged the commission of a particular act, to relieve himself from the liability he has incurred, by alleging the commission of some other act. The forging an order, and uttering an order, are distinct offences. The second plea, therefore, purporting to answer the whole declaration, and not being responsive to the first count, is clearly insufficient. The demurrer was correctly sustained to this plea.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden,* for the plaintiff.

*O. H. Smith,* for the defendant.