THE STATE *v.* NOEL.

THE STATE
· v.
NOEL.

An indictment against a justice of the peace, found at the *March* term, 1840, charged that the defendant had in his hands, on the first of *January*, 1840, a certain sum of money received by him as a fine, &c., for seminary purposes; and that he had failed to pay the money over, &c. within sixty days after the receipt thereof. *Held*, that the description of the offence was unobjectionable; and that its commission within the time prescribed by statute, was shown with sufficient certainty.

*Friday,*
*May* 28.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—The indictment in this case, which was found at the *March* term, 1840, of the *Allen* Circuit Court, charges that the defendant was an acting and duly qualified justice of the peace in *Allen* county; that on the 1st day of *January,* 1840, "he had in his hands a certain sum of money, to wit, the sum of five dollars, being money received by the said *Noel,* justice of the peace as aforesaid, for a fine assessed by him the said *Noel* against one *Charles Hillsworth,* and set apart by law for seminary purposes in the said county of *Allen;* yet the said *Noel,* as justice of the peace as aforesaid, failed and neglected to pay the same over to the trustee of the seminary fund in *Allen* county, within sixty days after the receipt thereof," &c. . The indictment was quashed on the motion of the defendant, who was discharged.

The prosecution is founded on the 51st section of the statute respecting crime and punishment, which enacts that " every justice of the peace, or other officer, who shall neglect, fail, or refuse to perform any duty required of such officer by the laws in force, for the time being, on the subject of county-seminaries, shall on conviction thereof be fined," &c. R. S. 1838, p. 216. By the 4th section of the statute relating to county-seminaries, " all officers in whose hands or possession there may now be, or hereafter come, any money or moneys set apart for seminary purposes, are required to pay over the same to the trustee of the seminary fund of the proper county, within sixty days after the receipt thereof." R. S. 1838, p. 559.

It is urged against the validity of the indictment, that it does not describe with sufficient certainty the offence created by the statute, inasmuch as it does not set forth the time at

which the justice received the money which he failed to pay over. This objection cannot be sustained. The offence consists in retaining money belonging to the seminary fund more than sixty days after its reception. The indictment alleges that on a particular day, the money was in the hands of the defendant as a justice of the peace, and that he neglected to pay it over to the proper agent within sixty days after he had received it. In describing the offence, the indictment has adopted substantially the language of the statute; and in this instance we think that is sufficient.

It is also objected, that the indictment does not show that the misdemeanor which it charges, was committed within two years before the finding of the bill—the period limited by the statute for commencing the prosecution. This objection is also unsustainable. The charge is, that the defendant had the money in his hands on the 1st of *January*, 1840, and that he failed to pay it over within sixty days from the time at which he received it. The fair construction of this language is, that the failure took place after the first of *January*, and consequently within the limit prescribed by the statute.

The Circuit Court erred in quashing the indictment.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. J. Peaslee*, for the state.
*D. H. Colerick* and *W. H. Coombs*, for the defendant.