THE STATE *v.* CHAMBERS.

Under the statute, the word "larceny" designates grand larceny, as contra distinguished from petit larceny.

An indictment upon a statute should state, substantially, if not in the very language of the law, all the circumstances which constitute the definition of the offense in the act.

An indictment is good, which follows the words of the statute on which it is founded.

The State *v.* Chambers.

The section of the statute in relation to petit larceny, regulates that offense without reference to the preceding sections.

The word "steal" has a uniform signification, and means, felonious taking and carrying away the personal goods of another.

## Error to Linn District Court.

*Opinion by* GREENE, J.    An indictment was found against the defendant, and on motion, quashed on the ground that no indictable offense is charged therein.

The indictment contains two counts, and is commenced in the usual form, and charges that William H. Chambers at the time and place-specified, "one box of percussion caps of the value of twenty five cents, of the personal property of one Joshua Glover, them and there being found, did steal contrary to the form of the statute in such case made and provided," &c.   In the second count, Alexander Glover is named as the person from whom the percussion caps were stolen, and differs from the first count only in that one particular.

The only question involved in the case is, did the court err in quashing the indictment?

The objection taken to the indictment is, that the charge is too general, and does not set forth ·all the ingredients of the offense, upon which proof should be required.

The offense of larceny, and petit larceny is defined by statute.   *Rev. Stat.*, 173, §§40, 41:  These sections de. scribe the offense of larceny; and ·section forty two declares that if the property stolen, is "of the value of twenty five dollars and upwards, it should be deemed larceny." The forty third section regulates the measure of value upon certain articles· stolen, and section forty four provides, that "every person duly convicted of *larceny* shall be imprisoned in the penitentiary," &c.   By these sections, it is clear, that the legislature recognized and applied the term "*larceny*" as meaning grand larceny in contra distinction to petit larceny.   To that sense, the application of those sections appears to be exclusively confined.   Had the indictment in this case, been for larceny as limited by

statute instead of petit larceny, it should have pursued substantially, that language of the statute which is descriptive of the offense. It is well settled, that an indictment upon a statute must state substantially, at least, if not in the very language of the law, all the circumstances which constitute the definition of the offense, as defined in the act.

But the indictment in this case, is founded upon the forty fifth section of the act referred to, which provides that, "if any person shall steal from any other person or persons, or from any dwelling house, or from any water craft or other place whatsoever, any monies, goods, wares or merchandize, or other personal property, or thing whatsoever, of a less value than twenty five dollars every person so offending, shall be deemed guilty of a petit larceny, and upon conviction thereof, shall restore to the owner or owners the thing or things so stolen, and be fined in any amount not exceeding five times the amount of the value thereof, and be imprisoned in the jail of the county not exceeding thirty days, and until the fine and costs are paid, if the same shall be paid within twenty days from the expiration of said imprisonment." This section of itself, it will be seen, completely regulates the offense of petit larceny, without any reference to the preceding sections, either by language or implication. The rule of adjudging the value of stolen bank notes, bonds, bills and the like as prescribed in section 43, may properly be recognized as alike applicable to cases of larceny and petit larceny. But sections 40, 41, 42 and 44, above referred to, we regard as exclusively pertaining to the offense of larceny, as therein defined. Thus viewing the application of these sections, it only remains for us to test the indictment in this case, under the specifications of section 45, which determines the offense of petit larceny.

It is now a prevailing rule, that an indictment is good which follows the words of the statute, upon which it is framed. And many of the authorities go so far, as to hold that it is sufficient, if the words used in an indict-

ment are equivalent to those of the statute, or of the same substance to a reasonable intendment. *State* v. *Bougher*, 3 Blackf. 307; *U. States* v. *Wilson*, 1 Bald. 78; *United States* v. *Lancaster*, 2 M'Lean 431; *State* v. *Duncan*, 9 Porter 260; *State* v. *Helm*, 6 Miss. 263; *Chambers* v. *The People*, 4 Scam. 351; *The State* v. *Noel*, 5 Blackf. 548.

The present indictment conforms to the rule recognized in the foregoing cases; it describes the offense in the very language of the statute, and hence we can but regard it as sufficient.

We think the indictable offense clearly and specifically charged; its character cannot be mistaken, nor the defendant misled in the crime preferred against him. The word "*steal*" has a uniform signification, and in common as well as in legal parlance, means the felonious taking and carrying away, of the personal goods of another.

Judgment reversed.

*William Smyth*, for the state.

*I. M. Preston*, for defendant in error.