## GREATHOUSE ET AL. v. HARRISON.

[No. 9,093. Filed November 21, 1916.]

1. MORTGAGES.—*Action to Foreclose.—Release by Mistake.—Evidence.—Bona Fide Purchaser.*—In an action to foreclose a mortgage which plaintiff claimed he had released of record by mistake, where the complaint averred that one of the defendants, who had obtained title to the real estate involved subsequent to such release, paid no consideration for the transfer of the property, and that he held the title as a volunteer for the benefit of the mortgagor and for the fraudulent purpose of preventing plaintiff from enforcing his lien against the real estate, plaintiff, in order to defeat such title, was required to show either that such defendant held as a mere volunteer, or fraudulently, or that no consideration was paid by him. p. 99.

2. DEEDS.—*Validity.—Presumption.*—A deed fair and valid upon its face is evidence of an honest transaction, and until it is assailed by evidence, effective as proof, that it was obtained by the fraud of the grantee, he is not required to adduce any evidence in its support. p. 100.

From Shelby Circuit Court; *Alonzo Blair*, Judge.

Action by Theodore F. Harrison against Archie Greathouse and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellants.
*Franklin McCray, John A. Tindall* and *Alfred R. Hovey,* for appellee.

IBACH, J.—Appellee brought this action against appellant Greathouse and a number of other defendants to recover on a note executed by one Henderson and to foreclose a mortgage given to secure the same on property then owned and held by said Henderson, but which is now claimed by appellant Greathouse.

The amended complaint on which the case was tried is in one paragraph and was not challenged below. Its averments material to the questions presented by this appeal are in substance as follows: On September 30, 1902, Henderson executed his note for $1,300, together with certain coupon interest notes, to appellee and, his wife joining, mortgaged the property in dispute to appellee as security. The mortgage was recorded within forty-five days from its execution in the office of the recorder of Marion county, Indiana, in mortgage record No. 418 at page 121. There is now due and unpaid on said notes a total sum of $1,651 with attorney's fees. After this mortgage was executed and delivered to plaintiff (appellee), Henderson transferred the property to the defendants Puryear and Porter for the purpose of securing them as sureties on an appeal bond in an appeal from a judgment rendered against Henderson in the Marion Superior Court, the judgment in which cause has since been reversed and vacated. On March 11, 1912, Evelyn M. McAdams executed a quitclaim deed purporting to convey said real estate to defendants Puryear and Porter, and that said deed was afterwards, on April 23, 1912, recorded. After the execution of such deed the defendants Puryear and Porter and their respective wives executed a quitclaim

deed to appellant Greathouse, purporting to convey said real estate to him, which deed was afterwards, on April 23, 1912, recorded. Defendant Henderson paid all the consideration for said transfers of said real estate, or arranged with Greathouse to pay said consideration for him, and Greathouse holds title to said real estate as a volunteer for the use and benefit of said Henderson and for the fraudulent purpose of preventing appellee from enforcing and collecting his lien sued upon herein as against said real estate. The property is in possession of the Hendersons.

Appellant Greathouse answered the complaint by general denial and a paragraph of special answer in which he avers in substance that as to so much of the complaint as seeks to foreclose the mortgage set out therein he is the owner in fee simple of the real estate described; that he became the owner of said real estate by a deed executed to him on March 11, 1912, by Puryear and Porter and their respective wives, which deed was recorded within forty-five days in the deed records of Marion county; that in consideration of the execution of such deed, he paid the full cash value of said real estate and took the title thereto; that appellee's mortgage was executed on September 30, 1902, and afterwards recorded in mortgage record No. 418 on page 121 of the records of Marion county; that on April 19, 1905, and long before the purchase of the real estate by him, appellee executed and caused to be recorded a full and complete release of said mortgage on the margin of the record wherein such mortgage was recorded; that said release is now and has been ever since April 19, 1905, of record in said mortgage record; that at the time he purchased the real estate said mortgage appeared to be released; that he had no notice or knowledge whatever that appellee had, or held a mortgage or other lien on such real estate; that he, relying wholly on the correctness and truthfulness of said entry of satisfaction, and in good faith and for valuable considera-

tion, is a bona fide purchaser and holder of said real estate. There was a reply in general denial. A trial by the court upon the issues thus formed resulted in a judgment in favor of appellee for $1,487.44 and a decree of foreclosure of the mortgage sued on and an order of sale of the property. Appellant Greathouse's motion for a new trial was over-ruled and such ruling is here assigned as error. The only questions presented by such motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The undisputed facts, arranged in their sequence, are in substance as follows: On September 30, 1902, William E. Henderson executed his note to appellee for $1,300, to-gether with certain coupon interest notes. On the same day, his wife joining, they executed a mortgage on the property in dispute, which Henderson then owned, to se-cure such note. This mortgage was recorded on October 1, 1902, in record No. 418 page 121 in the recorder's office of Marion county. On April 19, 1905, appellee released said mortgage (by mistake as he claims) by an entry on the margin of said record. On June 19, 1906, Henderson, his wife joining, again mortgaged said real estate to Benja-min Dake to secure Henderson's note for $800 and certain interest notes accompanying it. On January 25, 1908, Thomas McGruder obtained a judgment in tort against Henderson for $600, from which an appeal was taken to this court where it was reversed March 27, 1912. On March 6, 1909, Henderson and wife, by a warranty deed, conveyed said real estate to John A. Puryear and Jacob M. Porter. On the same day Henderson, Puryear and Porter entered into an agreement by which Puryear and Porter were to have the property free from all claims in case the McGruder judgment should be affirmed and they should be compelled to pay it, but in case the judgment was reversed they were to reconvey the property to Henderson's wife. On March 30, 1911, the sheriff of Marion county deeded the property in

question to Evelyn McAdams, such deed reciting, among other things:    That on November 24, 1908, in "the Appellate Court of the State of Indiana, in Cause No....., wherein Absent Bivens and Thomas McGruder are plaintiffs and William E. Henderson is defendant, the said plaintiff recovered judgment against the said defendant William E. Henderson for the sum of one hundred' and fourteen 05/100 dollars and costs and also an order for the sale of the real estate hereinafter described, all without relief from valuation and appraisement laws;" a sale of said property by the sheriff to Jennie McGruder on January 29, 1910, the issuance of a certificate to her, the assignment of this certificate to Evelyn McAdams, and that said real estate was sold as the property of William E. Henderson.   On March 3, 1912, Greathouse gave Puryear and Porter a certified check on the Fidelity Trust Company for $1,060.31 in satisfaction of the Dake mortgage.   On March 11, 1912, Evelyn McAdams conveyed and quitclaimed the property to Puryear and Porter.   Afterwards on the same day Puryear and Porter, their respective wives joining, released and quitclaimed their interest in said property to appellant Greathouse.   On March 12, 1912, the defeasance contract was assigned to appellant Greathouse by Henderson and wife.

As indicated by the facts above set out appellant was the apparent holder of the legal title to the property in dispute.   He was a remote grantee of Evelyn McAdams and held all the title acquired by her by virtue of the sheriff's deed.   He was also the grantee of Puryear and Porter and derived all title and interest vested in them by virtue of the deed from Henderson and wife, and was also the assignee of the contract of defeasance executed by Henderson and Puryear and Porter.   Under the averments of the complaint, in order to defeat appellant's title, appellee was required to show, either that Greathouse held such title as a mere volunteer, or that it was

held fraudulently, or that the consideration was paid by Henderson. There has not been pointed out to us a scintilla of evidence on either of the above essentials that would even tend to support such allegations. A deed fair and valid upon its face is evidence of an honest transaction; and until it is assailed by evidence, effective as proof, that it was obtained by the fraud of the grantee, he is not required to adduce any evidence in its support. *Ewing* v. *Gray* (1859), 12 Ind. 64, 67; *Western Union Tel. Co.* v. *Krueger* (1905), 36 Ind. App. 348, 74 N. E. 25; *Sheets* v. *Dufour* (1841), 5 Blackf. 548. But aside from the presumption arising from the deeds there is uncontradicted evidence to show that appellant purchased the property in good faith, without notice of appellee's mortgage, and paid a valuable consideration therefor. Appellee contends, however, that it was within the province of the court to disbelieve the testimony of Henderson and of Greathouse as to an agreement for rent and the ·payment of a consideration other than the payment of the Dake mortgage and the assumed liability on the appeal bond which ceased to exist on the reversal of the judgment. Conceding that appellee's contention as to the credit to be given this testimony is correct, we think it apparent that this falls short of affirmative proof necessary to defeat the legal title shown in appellant.

It follows that the evidence is insufficient and the cause must be reversed. Judgment reversed, with instructions to the lower court to grant the motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 114 N. E. 92. Mortgages, satisfaction of by mistake, revival, 5 Am. St. 703. See under (1) 27 Cyc 1433; (2) 13 Cyc 737.