STOUGHTON *v.* THE STATE, 13 Smedes & Marshall, 255.

### HOMICIDE.

The high court of errors and appeals cannot notice the instructions given or refused in the court below, unless they are embodied in a bill of exceptions.

. In cases of homicide, where the wound is inflicted in one county and the death takes place in another, the indictment must be preferred in the latter, .or it will be void.

Error to Perry circuit court. DAWSON, J.

The opinion of the court contains all the material facts of the case.

*F. Anderson,* for plaintiff in error,

On the point of the jurisdiction of the circuit court of Perry county, to try the offense, cited and commented on 1 Hale P. C., 425, 426. This authority is not sustained by reference to any decisions, and is not supported by the reasoning of the author. 1 Hawk. P. C., 93, 94; 2 ib., 301, 302, 303, § 40; 2 Hale P. C., 262; ib., 162, 163; 1 East's P. C., ch. 5, § 128, 361; 2 Hale, 66; 2 Pick., 550; 2 Eng. St. at Large, 422; 4 Black. Com., 303.

*D. C. Glenn*, attorney general,

Contended that congress made the common law in force in the Mississippi Territory. 2 Stewart, 362. English statutes, passed before the emigration of our ancestors, which are in amendment of the law and applicable to our situation, constitute a part of our common law. 3 Peters, 559; 1 Mass., 61; 2 ib., 535; 13 ib., 354; 1 Dallas, 67, 75; 8 Pick., 309; 9 ib., 532; 3 Greenl., 162; 6 ib., 55 : 3 Gill & Johns., 62; Charlton, 167; Coxe, 338, note.

SHARKEY, C. J.:

The prisoner was convicted in the circuit court of Perry county of the murder of J. A. Harvey. He moved for a new trial, because the verdict was contrary to law and evidence, and because the court erred in refusing charges asked by the prisoner, and in giving those asked by the district attorney. On these points we need make no comments. Indeed, on the charges we could not; they are not presented by bill of exceptions, but noted by the clerk as having been given or refused. The law of 1846 which provides for so noting charges that may be given or refused, and makes them part of the record, without bill of exceptions, applies only to civil cases. Hutch. Code, 893.

The case must turn on a different point; the wound was inflicted in Perry county, where the prisoner was indicted, but the death occurred in Harrison county. In such cases there is an express statutory provision, requiring that the indictment should be found in the county where the death occurs. Poindexter's Code, 314. This statute seems to have been overlooked in the subsequent compilations, though it is not repealed; at least we have found no act repealing it. It simply provides, that the in-

dictment found in the county in which the death may happen, shall be good and valid in law. The better opinion seems to have been, that by the common law, when the blow was given in one county and the death happened in another, the offender was not indictable in either. This, however, was a point that gave rise to doubts. The difficulty was obviated by the statute of Edward VI., which made the offense triable in the county where the death happened. Our statute was passed with the same object. It does not, it is true, say the prisoner shall not be tried in the county where the stroke was given ; and if it could be clearly shown that he was triable there by the common law, perhaps the statute might be regarded as giving the additional power to try him in the county where the death happened, without interfering with the jurisdiction as at common law. But as the question was, to say the least of it, doubtful at common law, the statute must be regarded as the only law on the subject. The indictment was, therefore, improperly found in Perry county, for which reason it must be quashed,[1] and the prisoner remanded to Harrison county for indictment and trial.

*C. Scott & D. W. Adams* for plaintiff in error.

*D. C. Glenn,* attorney general.

[1] Wharton Am. Cr. Law, 1052, 1053 ; Wharton on Homicide, 254 ; Hawks., P. C., b. 2, c. 25, § 26 ; 1 Chitty Cr. Law, 178 ; 3 ib., 732 ; State v. Orrill, 1 Dev. 139 ; Commonwealth v. Linton, 2 Va. Cases, 205 ; Riley v. State, 9 Humph., 646 ; State v. Foumer, 1 Chev., 106 ; Nash v. State, 2 Greene (Iowa), 286 ; Rex v. Burdett, 4 B. & Ald., 95, 173 ; 2 Hawkins P. C., 302 ; 1 Stark C. P., 5, 6 ; Turner v. State, 28 Miss., 684 ; Riggs v. State, 26 Miss. 51 ; 1 Archbold Cr. Pr. & Pl., 892.