## TURNER *v.* THE STATE, 28 Miss. Rep., 684.

### HOMICIDE.

Under the statute of 1822, Hutch. Code, 314, where a person receives a wound in one county and dies in another county, the indictment should be preferred in the county where the death occurs; and it must be proven that deceased did die in the county where the indictment is found.

Error to Yazoo circuit court.   HENRY, J.

*J. M. Moore* for plaintiff in error.

1. The statute requires the assessor to return to the court "a list of the names of all freeholders, being citizens of the United States, within his county, and householders," etc.   Hutch. Code, 886, § 1.

No person can be subjected to punishment for the same offense unless a conviction be had upon an indictment found by a grand jury of the county in which the offense was committed. Laura v. State, 26 Miss., 176.

The record must affirmatively show those indispensable facts, without which the judgment would be void. Dyson v. State, 26 Miss., 383.

In regard to matters which, by law, should appear in the record, no presumption can be indulged which would either contradict the record or supply the defect. Laura v. State, 26 Miss., 176.

2. The record does not show that the grand jury were regularly elected and empanelled, etc. The record must show that the grand jury were duly elected and empanelled, etc., and its omission cannot be cured by the recital of it in the indictment. Abram v. State, 25 Miss. 589.

3. The record does not show otherwise than by a recital by the clerk, that the bill of indictment was endorsed by a prosecutor. Hutch. Code, 1005, § 69 ; Cody v. State, 3 How., 27 ; Peter v. State, ib., 433.

4. The record must show the accused was served with a copy of the bill of indictment and the special *venire* summoned to try the cause. Hutch Code, 1003, § 49.

5. The evidence should show that the deceased died in Yazoo county, or the court is without jurisdiction. Green v. State, 23 Miss., 509. It is indispensable that the indictment should aver that the murdered party died in the county in which the indictment is found against the accused. State v. Orsell, 1 Dev., 125 ; Riggs v. State, 26 Miss., 51. The prosecutor must prove any fact and circumstance stated in the indictment which is materially necessary to constitute the offense charged. John v. State, 24 Miss. 569.

6. The evidence of the attending physician clearly shows that the deceased died of a fatal disease prevailing at the time, and that the nurse or attendant, without his knowledge, and in violation of his practice, administered remedies which were highly injurious. " It is clear, " says Mr. Alison, " that if death be not owing to the effects of the wound, but to a supervening

accident or misfortune, though induced by the first violence, the prisoner cannot be convicted of homicide." Roscoe Cr. Ev., 703 ; Campbell & McMillan's Cases ; Alison's Prin. Cr. Law of Scotland, 147, and cited in Roscoe Cr. Ev., 705.

7. There was no evidence before the jury which identified the prisoner, nor was there any proof that the deceased was one of the parties engaged in the rencontre.

8. The reading of the bill of indictment only until the case was submitted to the jury, was in gross violation of criminal practice, and was of itself a good cause for a new trial. 4 Black. Com., 355.

*D. C. Glenn*, attorney general.

SMITH, C. J.:

The plaintiff in error was tried upon an indictment for murder in the circuit court of Yazoo, and convicted of manslaughter in the second degree. The evidence adduced on the trial is contained in the bill of exceptions taken to the decision of the court on a motion for a new trial.

The errors assigned are, 1. That the record does not show that the grand jury, by whom the indictment was found, were selected, summoned, and empanelled in the mode prescribed by the statute ; and 2. That a new trial should have been granted, because the verdict was not sustained by the evidence.

1. In reference to the last exception, it is very clear that the proof was insufficient. There was no evidence offered, either direct or circumstantial, which showed that the death occurred in the county of Yazoo, in which the bill of indictment was preferred. This was essential to give the circuit court of that county jurisdiction. For, by the statute of 1822, Hutch. Code, 314, it was expressly provided, where a party having received a wound in one county, dies in consequence of such wound in another county, in the state, that the indictment should be found in the county where the death occurs, and not in the county in which the wound was inflicted. [1]  Stoughton v. The State, 13 S. & M., 255.

In the case cited, the proof was, that the wound was inflicted

[1] See Riggs v. State, 26 Miss., 57; Rev. Code of 1857, 613, art. 246.

in Perry county and the death occurred in Harrison county. The indictment was found in Perry county, and this court reversed the judgment and quashed the indictment, upon the ground that the circuit court of that county could take no jurisdiction of the offense. In the case at bar, the evidence does not show that the death did not occur in Yazoo. It failed to show that the death did occur there. Under these circumstances, although the judgment must be reversed and the verdict set aside, it would be improper for this cause to quash the indictment, for it may be true, in point of fact, that the death did occur in Yazoo county, in which event the court, of course, had jurisdiction.

2. The first exception is untenable. In our opinion the record shows with sufficient certainty that the grand jury were selected and empanelled in the manner directed by the statute.

Judgment reversed, and prisoner remanded for a new trial.