# THE SUPREME COURT

### OF

# PENNSYLVANIA.

EASTERN DISTRICT, MARCH TERM, 1840.

[ PHILADELPHIA, APRIL 2D, 1840. ]

## CHAPMAN against THE COMMONWEALTH.

### IN ERROR.

1. An indictment for arson, charging that the defendant did "feloniously, unlawfully and maliciously" set fire, &c., was held to be sufficient, without the word "wilfully."

2. Under the act of the 21st of March, 1806, it is not sufficient in an indictment for arson, to charge the defendant with having set fire to "a certain barrack." It is necessary that it should appear that the barrack contained "hay, grain or bark."

3. An indictment for arson in burning a stable must conclude against the form of the statute, &c.; otherwise it will be bad on error.

THIS was a writ of error to the judges of the Court of Common Pleas, holding a Court of Oyer and Terminer for the county of Bucks, to remove the record of an indictment against Henry Chapman, for arson.

The indictment was as follows:

" The grand inquest of the commonwealth of Pennsylvania, inquiring for the body of the county of Bucks, upon their oaths and

(Chapman *v.* The Commonwealth.)

solemn affirmations respectively do present, that Henry Chapman, late of the said county, labourer, on the thirteenth day of January, in the year of our Lord one thousand eight hundred and thirty-nine, with force and arms, at the county aforesaid, and within the jurisdiction of this Court, feloniously, unlawfully and maliciously did set fire to a certain barrack of Abraham Brown, there situate, with intent to destroy the same, to the great damage of the said Abraham Brown, contrary to the form of the act of general assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

And the grand inquest aforesaid, upon their oaths and solemn affirmations aforesaid, do further present, that the said Henry Chapman, at the county aforesaid, on the day and year aforesaid, and within the jurisdiction of this Court, with force and arms feloniously, wilfully and maliciously did set fire to and burn a certain stable of the aforesaid Abraham Brown, there situate, to the evil example of all others in like case offending, and against the peace and dignity of the commonwealth of Pennsylvania."

To this indictment, the defendant pleaded not guilty. The cause came on for trial at February Term, 1839, when a verdict of guilty was rendered. The following reasons were then filed in arrest of judgment by the defendant's counsel.

" 1. In the first count of the indictment, the burning is not laid to be done " wilfully," which is necessary under the act creating the offence.

2. The word " barrack," in the first count of the indictment, is not such a description as the act of assembly requires.

3. There is no averment in the indictment that the stable or barrack burned was the property of the prosecutor.

4. The offence set forth in the act of assembly is not described in the indictment in the manner required by law.

5. The second count of the indictment does not conclude that the offence was committed contrary to the form of the act of assembly in such case made and provided.

6. The offence laid in the second count of the indictment is not an offence at common law.

7. The indictment is informal and defective.

8. There is no sufficient averment in the first count, that the offence was committed in the county."

The Court overruled the motion in arrest of judgment, and sentenced the defendant to an imprisonment in the penitentiary for the term of two years. Whereupon this writ was sued out by the defen-

(Chapman v. The Commonwealth.)

dant, who assigned for error, that the Court erred in overruling the motion in arrest of judgment.

Mr. *Ross*, for the plaintiff in error.

1. The word "barrack," in the first count of this indictment is not a sufficient description under the act of 1806. The words of that act are, "any barn, stable or outhouse, or any barrack, rick or stack of hay, grain or bark," &c. It should have been stated as a barrack of hay, grain or bark, as the case might have been. *Archbold Cr. Pl.* 265. *Chit. Cr. Law,* tit. *Arson.*

2. The word "feloniously" is bad; it being no felony to attempt to commit an arson. The indictment should pursue the description in the act. *Commonwealth* v. *Myer*, (3 *Yeates*, 451.) *Updegraff* v. *The Commonwealth*, (6 *Serg. & Rawle*, 5.)

3. The indictment is bad, for want of the word "wilfully." *Arch. Cr. Pl.* 51, 58. *Leach Cr. Law,* 556. The words "voluntarily," or "wilfully and maliciously," are requisite. 3 *Chitty Cr. Law,* 1008. *East Cr. Law,* 1015.

4. The second count should have concluded *contra formam stat. Commonwealth* v. *Searle*, (2 *Binn.* 332.) *Russell* v. *Commonwealth*, (7 *Serg. & Rawle*, 419.) It is bad at common law for not laying the stable as a dwelling-house, or as an out-house, parcel of or contiguous thereto. *Arch. Cr. Pl.* 264.

Mr. *Wright*, for the commonwealth.

1. The word "barrack" in the first count is sufficient. To burn an empty barrack is indictable at common law.

2. The word "maliciously" is equivalent to "wilfully," and may be used for it. *Arch. Cr. Pl.* 52.

3. It was not necessary to conclude against the statute. It is indictable at common law to burn out-houses as well as dwelling-houses. 4 *Black. Com.* 219. 1 *Hale P. C.* 517. It need not be set forth as parcel of or contiguous to the dwelling-house. 3 *Chitty Cr. Law,* 1132.

Per Curiam.—The word "maliciously," in the first count, may pass as an equivalent for the word "wilfully;" but the words "barrack, rick, or stack, of hay, grain, or bark," as much import a barrack of hay or grain, as they do a rick or stack of hay or grain. They were used elliptically in the context, to avoid repetition. The statute is an amplification of the act of 1767, under a mitigated punishment; and it is to be remarked, that it was not indictable on that act, though it is so now, to burn a barn, "unless it had hay or corn therein." It is not credible, therefore, that the legislature did not formerly extend as much protection to a barn as they subsequently intended to extend to a barrack, which, in Pennsylvania, is an erection of upright posts supporting a sliding roof, usually of thatch; for of all the buildings on a farm, it is the cheapest, and

(Chapman *v.* The Commonwealth.)

that which, independently of the property housed by it, offers the least incitement to malicious mischief. It is not generally, if at all, used by the tanner to cover his bark ; but containing that material, its contents would be within the words of the statute, and the protection intended to be given by it.

The second count is for feloniously burning a stable, which is undoubtedly a subject of the statutory offence, independent of its contents ; but as it does not conclude against the form of the statute, and there is no such felony at the common law, there is no count in the indictment on which the judgment can be rested.

Judgment reversed.