# SUPREME COURT.

## JANUARY TERM, 1850.

## THE STATE *vs.* HEREFORD.

An indictment for a violation of the 8th section of the act of this State entitled an "act to sustain the credit of the State," approved February 16, 1847, which follows the *words* of the act, is good.

ROBARDS, Attorney General, for the State.

The indictment is in the very words of the statute, and is indeed more specific in its allegations than was necessary. It was sufficient to allege that the defendant followed the practice of medicine as a business, without alleging that he also followed it for a livelihood. The objection that it is alleged that he had no physician's license is of no weight. It was proven and was more specific than was necessary, for it would have been sufficient to say that he had no license.

HEREFORD for the defendant.

1. The indictment, after averring the time and place when and at which the defendant followed the practice of medicine, should have followed that averment with the allegation, that the defendant, at that time and place, practised medicine without a license, with the usual designation "then and there," or words to the same effect. Chitty's Crim. Law, vol. 1, page 198.

2. It is laid in the indictment, that the said G. W. Hereford did not have a physician's license. In some states, a physician's license is a diploma; in others a certificate of qualification from a board of physicians appointed by the Legislature, neither of which is requisite under the statute of this State. The indictment requires that which the statute does not.

Judge BIRCH delivered the opinion of the court.

The defendant was indicted for a violation of the 8th section of the

"act to sustain the credit of the State." The indictment contains two counts, both conforming to the words of the statute, except (as is alleged) that they erroneously or insufficiently charge it as an offence under that statute, that the defendant followed the business "without having a physician's license continuing in force," &c., instead of "a license to follow such profession," &c.

It is deemed unnecessary to enquire into the sufficiency of such an indictment upon general principles, as it will be perceived, by reference to the 10th section of the act upon which it is founded, that the Legislature itself designated and described the license which the previous sections required, should be obtained from the collector, in order legally "to follow such profession" as a physician's license, from which it is apparent that so far from the offence having been ambiguously or insufficiently alleged, it was charged in exact conformity with the legislative letter and meaning of the act.

In quashing the indictment, therefore, the circuit court committed error, for which its judgment must be reversed and the cause remanded.

Concurred in.                                    W. B. NAPTON.