Mr. Justice Clayton
delivered the opinion of the court.
This was an indictment under our statute, against the prisoner, for an assault and battery upon a white person, with intent to kill. He was found guilty, and sentence of death pronounced upon him ; whence the case comes to this court.
The first statute which relates to this offence is very general, and declares it to consist in an assault and battery upon a white person, with intent to kill. Hutch. Code, 521, sec. 52. A subsequent statute is more definite, and by way of amendment enacts, that this clause, when the killing does not actually occur, shall be so construed as to render the proof of malice aforethought express, necessary to subject the person therein named to capital punishment. Ibid. 532.
In this case, the indictment charges the offence to have been committed “ feloniously, wilfully, and of his malice aforethought.” It is objected in behalf of the prisoner, that sentence of death was improperly pronounced upon him, because the indictment does not charge the act to have been done with express malice.
There is a plain distinction between express and implied malice; the one is characterized by a sedate, deliberate intention, and formed design, evidenced by external circumstances; the other is the offspring of sudden impulse. 1 Russell on Crimes, 387. It is only against offences of the former description that the statute is directed.
It is a general rule, that all indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it. They must, also, pursue the precise and technical language employed in the statute, in the definition or description of the offence. 1 Chitty, Crim. Law, 280-283. This rule was not followed in this case. The most *265 material word in the constitution of the offence is omitted. If the defendant had pleaded guilty to this indictment, or filed a demurrer to it, sentence of death could not have been pronounced against him, because the statute itself directs, that, where implied malice only is shown, the punishment shall be by stripes within a certain limit. Upon conviction by a jury, no greater punishment could be inflicted. The indictment contains no charge of that species of malice which alone authorizes capital punishment.
The finding of express malice by the jury cannot vary this result. It is beyond the issue. No such matter was presented by the pleadings, and the verdict to that extent was unauthorized. The evidence and the verdict must both be confined to the charge in the indictment, otherwise the administration of the law becomes uncertain, and the prisoner is deprived of the protection which a knowledge of the precise charge is calculated to throw around him. He might be charged with one crime, and convicted of another, wholly distinct and far more penal. The judgment must be reversed.
Our only hesitancy has been as to the course to be pursued after the reversal. An examination of the various statutes has led us to the conclusion, that the circuit court had jurisdiction of the less offence. How. & Hutch. 164, et seq., sections 38, 43, and 46. The indictment was good to that extent. We therefore proceed to reverse the judgment, and to give the judgment which the court below should have given.