IKE *v.* THE STATE, 23 Miss. Rep., 525.

### ASSAULT AND BATTERY WITH INTENT TO KILL.

Indictments upon statutes, particularly of a highly penal character, must state all the circumstances which constitute the definition of the offense, in the act. They must also be clear and certain to every intent, and pursue the precise and technical language employed in the statute in the description of the offense.

Express malice is not an essential ingredient in the offense of assault and battery upon a white person by a slave with intent to kill. Hence it is unnecessary to allege it in the indictment or prove it on the trial.

Error to Adams circuit court. POSEY, J.

The facts of the case are stated in the opinion of the court and the briefs of counsel.

*L. Sanders, Jr.*, for plaintiff in error,

Contended that the indictment was not in accordance with the statutory requirements. Hutch. Code, 521, sec. 52; ib., 532, sec. 1, 2.

Indictments must have a precise and sufficient certainty. 4 Black. Com., 206. The indictment ought to be certain to every intent, without any intendment to the contrary. Cro. El., 490; Cro. Jac., 29.

It is contended, malice must be proved before conviction, and it was not proven on the trial.

*D. C. Glenn*, attorney general.

But a single point arises in this case. The plaintiff in error was convicted of an assault with intent to kill William Shillings, his overseer, while inflicting legal chastisement upon him, under the proviso of the 1st section 1829, Code, 532. Sentence of death was pronounced upon him. It was moved in arrest of judgment, the indictment does not allege that the chastisement was being inflicted by said William Shillings, at the time of the commission of the said stabbing with intent to kill. The words of the indictment are as follows: " Upon one William Shillings then and there did make an assault, in resistance then and there of legal chastisement, the said Shillings being then and there a white person, and then and there the overseer of said Ike." I cannot perceive the uncertainty complained of. The resistance to legal chastisement by the slave, is by the " then and there" of the commission of the assault on William Shillings, indissolubly connected therewith so as to show, to a sufficient certainty, that the assault was in resistance of chastisement by Shillings, and to preclude every other intendment, which satisfies the general language of the statute. 2 How., 661, 662; Cro. Jac., 639; 1 Ld. Raymond, 1467, 1468; 1 Leach, 529; Doug., 525.

Again, the offense was a statutory one, and the offense is described in the very language of the act.

This, with properly connected averments, is sufficient.

SMITH, C. J.:

This was an indictment in the circuit court of Adams county, for an assault and battery upon a white person with intent to

kill. The prisoner, who is a slave, was found guilty, and sentence of death pronounced upon him; whence the cause comes into this court.

There are but two acts of the court complained of; one, the decision of the judge overruling the motion in arrest of judgment; the other, the judgment subjecting the prisoner to capital punishment.

The first statute in reference to the offense charged, directs "That if any slave or slaves shall at any time commit an assault and battery upon any white person, with intent to kill, every such slave or slaves, so committing such assault and battery with intent to kill, as aforesaid, and being thereof convicted, shall suffer death." Hutch. Code, 521, sec. 52.

This statute was modified by the act of 1829, by the first section of which it is provided, that in case of assault and battery upon white persons, by slaves with intent to kill, but where the killing does not actually occur, the statute above quoted "shall be so construed as to render the proof of malice aforethought express, necessary to subject the person or persons therein named to capital punishment; provided, no proof of express malice shall be required where the assault and battery is committed by a slave upon his or her master, employer, or overseer in resistance of legal chastisement."

The indictment was framed under these statutes, and it is insisted that it does not contain a sufficient description of the facts and circumstances which constitute the offense therein denounced.

It is a well settled rule, that indictments upon statutes, particularly of highly penal character, must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant judicially within it. They must also be clear and certain to every intent, and pursue the precise and technical language employed in the statute in the description of the offense. [1] Chit. Crim. Law, 280, 283; 13 S. & M., 264.

[1] Wharton's Am. Cr. Law, 364; Respublica v. Trier, 3 Yeates, 451; U. S. v. Batchelder, 2 Gall., 15; State v. Hickman, 3 Halst., 299; State v. Little, 1 Vermont, 331; Whiting v. State, 14 Conn., 487; State v. Williams, 2 Strob., 474; Comiss v. State, 3 Kelly, 419; U. S. v. Dickey, 1 Morris, 412; State v. Click, 2 Ala., 26; Resp. v. Bush,

If the indictment under consideration be tested by these rules, we think that it will not be found objectionable.

The objection brought particularly to our notice refers to the allegation of the time at which the assault and battery were committed. It is contended, that it is not shown with sufficient certainty that the assault was made upon the prosecutor at the precise time when he was in the act of chastising the prisoner. It is essential to the constitution of the offense charged, that the assault and battery should have been committed in "resistance to legal chastisement," which was being inflicted at the time by the overseer. Hence, if it is not so averred, the indictment is defective. The charge is in the following words: The prisoner, "upon one William Shillings, in the peace, etc., feloniously, wilfully, and of his malice aforethought, did make an assault, in resistance then and there of legal chastisement, the said William Shillings being then and there a white person, and then and there the overseer of the said Ike," etc.

In this averment we are unable to perceive the alleged uncertainty. The language of the act is pursued, and the facts and circumstances which constitute the offense, are charged with such certainty as to exclude every other intendment.

In the next place it is objected that sentence of death was improperly pronounced upon the prisoner, because the indictment does not charge the assault and battery with intent to kill, to have been committed with express malice.

The first statute, which relates to the offense with which the prisoner is charged, as we have seen, is very general. The offense is made to consist in an assault and battery by a slave upon a white person with intent to kill. The subsequent statute is more

2 Texas, 455; Drummond v. Resp., ib., 156; State v. Seamons, 1 Iowa, 418; Com. v. Hampton, 3 Gratt., 590; State v. Hereford, 13 Mo., 3; Buckley v. State, 2 Greene, 270; State v. Bullock, 13 Ala., 413; State v. Ladd, 2 Swan, 226; Sodano v. State, 25 Ala., 64; Cook v. State, 11 Ga., 53; Com. v. Chapman, 5 Wharton, 427; State v. Blease, 1 McMullin, 472; State v. Gibbons, 1 Southard, 51; State v. Calvin, Charlton, 151; 1 Hale, 517, 526, 535; Staunf., 130 b.; Foster, 423, 424; Hard., 2; Dyer, 304; Kelly, 8; Com. Dig. Just G., 1; 1 Chitty on Pl., 357; Moore, 5; 1 Leach, 264; 1 East, P. C., 419; 2 Hale, 170, 189, 190, 193; 3 Dyer, 363; 2 Lord Raymond, 791; 2 Burr, 679; 1 T. R., 222; U. S. v. Lancaster, 2 McLean, 431; People v. Allen, 5 Denio, 76; State v. Pratt, 10 La., 191; State v. Foster, 3 McCord, 442; State v. O'Bannon, 1 Bail., 144; State v. La Preux, 1 McMullin, 488; State v. Noel, 5 Blackf., 548; Chambers v. People, 4 Scam., 351; State v. Duncan, 9 Port., 260; State v. Mitchell, 6 Mo. 147; State v. Helm, ib., 263.

specific, and directs that this clause, where killing does not actually occur, shall be so construed as to render the proof of malice aforethought express, necessary to subject the person charged to capital punishment. But by the proviso in the first section, its enactments do not apply to the offense when committed upon the master, employer, or overseer of the slave, and "in resistance to legal chastisement." The effect of the amendatory act was to render the offense defined and made capital by the original statute, capital only in cases where the assault and battery were committed in resistance of legal punishment, upon the master, employer, or overseer of the slave charged, unless done with malice express. In all other cases, that is, where there was no express malice, and where the offense was not committed in resisting the legitimate authority of the master or overseer, the punishment prescribed was repealed.

We do not concur in the construction which it is insisted should be placed upon the second section of the amendatory statute. It does not conflict with the preceding section. Hence, it cannot be held to repeal, or in any wise to modify the punishment which would attach under the original act as amended by that section. It was the evident intention of the legislature to apply a milder punishment in lieu of the more rigorous penalty which was repealed, and not to create a new offense, or to modify the punishment prescribed by the preceding enactments.

If we are right in this construction of the statutes, express malice is not an ingredient in the offense of which the prisoner was convicted. Hence, it was unnecessary to allege it in the indictment, or to prove it on the trial.

It is insisted that a different rule was laid down in the case of Anthony v. State, 13 S. & M., 263. We do not think so. In that case the defendant, who was a slave, was indicted for an assault and battery upon a white person, with intent to kill. There was no averment in the indictment that the offense was committed upon the master, employer, or overseer, in resistance of legal punishment, nor was the offense alleged to have been committed with express malice. The jury found that the offense was committed with express malice, and sentence of death was pronounced. This court reversed the judgment, holding, cor-

rectly, that the averment of express malice was necessary to authorize the infliction of capital punishment, notwithstanding the finding of express malice by the jury.

The distinction between that case and the case at bar is so obvious that it is scarcely necessary to point it out. In the one, the statute required proof of express malice. Express malice, therefore, was an essential ingredient in the constitution of the offense. Hence, it was not only necessary to charge it, but to prove it on the trial, in order to warrant the infliction of capital punishment. In the other, proof of express malice is dispensed with. The description of the offense is complete, when it is shown by proper averments that the prisoner committed the assault and battery upon the prosecutor, with intent to kill, in resistance of legal chastisement.

Let the judgment be affirmed.