GARRARD *v.* THE STATE, 25 Miss. Rep., 469.

### SELLING INTOXICATING LIQUOR TO SLAVES.

Where none of the evidence is embodied in the record, and the indictment is sufficient, it will be presumed that the verdict of the jury is correct, and will not be disturbed.

Error to Madison circuit court. PERRY, J.

The facts of the case are contained in the opinion of the court.

*A. H. Handy,* for plaintiff in error.

*D. C. Glenn,* attorney general.

YERGER, J.:

The plaintiff in error was indicted in the circuit court of Madison county, for selling spirituous liquors to a slave without the consent in writing of the master, owner, overseer, or employer. A motion to quash the indictment was overruled. So likewise was a motion in arrest of judgment. There was no motion made for a new trial, and consequently we have none of the evidence before us. The indictment in this case is similar to that in Murphy v. State, which we held to be sufficient. The court, therefore, committed no error in refusing to quash the indictment, and overruling the motion in arrest of judgment. Murphy's case was reversed, not because the indictment was bad, but because the evidence did not establish the guilt of the accused. The language employed by the court was this: "In the present case, the specific article is named in the indictment, and the court did not, therefore, err in refusing to quash the indictment or arrest the judgment. But the evidence did not establish the guilt of the accused, and a new trial should have been granted."

Applying the principles laid down in Murphy's case to the present, we must affirm the judgment of the court below. Because in this, as in that case, the specific article sold is named in the indictment, and the court, therefore, did not err in refusing to quash the indictment or arrest the judgment; and, in the present case, none of the evidence is before us. We must presume the verdict to be correct.

Let the judgment be affirmed.