WILLIAMS *v.* STATE, 42 Miss. R., 328.

### ASSAULT AND BATTERY WITH INTENT TO KILL.

All indictments upon statutes must pursue the precise and technical language employed in the statute in the definition or description of the offense. 5 How., 242; 13 S. & M., 263; 23 Miss., 525; 26 ib., 51.

An indictment for an assault and battery with intent to kill and murder, must state that the offense was committed with a deadly weapon, or other means or force likely to produce death.

Error to the circuit court of Davis county.    HANCOCK, J.

At the March term, 1869, of the circuit court of Davis county, plaintiff in error was indicted for an assault and battery with intent to kill and murder Dick Smith. The indictment is in the following words: "The grand jurors elected, &c., present that Shabe Williams, on the 19th of March, 1866, in the county of Davis aforesaid, in and upon one Dick Smith, wilfully, feloniously, and of malice aforethought an assault did make, and him the said Dick Smith did strike, cut and wound, with intent of him, Shabe Williams, wilfully, feloniously, and of malice aforethought, to kill and murder the said Dick Smith, against the peace and dignity of the state of Mississippi."

Plaintiff in error, by his counsel, moved to quash the indictment, because it did not state that the assault and battery was made with a deadly weapon, or other means or force likely to produce death. The motion was overruled, and plaintiff in error excepted. Plaintiff in error pleaded not guilty. The cause was submitted to a jury, who returned a verdict of guilty as charged in the bill of indictment.

A motion for a new trial was overruled, and plaintiff in

error sentenced to imprisonment in the penitentiary for two years.

*Geo. Wood,* for plaintiff in error.

*C. E. Hooker,* attorney general.

PEYTON, J. :

The plaintiff in error was indicted at the March term of the circuit court of Davis county, for an assault and battery upon Dick Smith, with intent to kill and murder him; and at a subsequent term of said court he was tried, convicted, and sentenced to imprisonment in the penitentiary. The plaintiff now prosecutes this writ of error, and assigns several errors, the last of which is, that the court erred in overruling the motion in arrest of judgment. In this we think the court erred.

The indictment does not charge that the plaintiff in error committed an assault and *battery* with a *deadly* weapon, or other means or force likely to produce death. These facts should be stated in the indictment for this offense under our statute.

It is necessary to specify on the face of the indictment the criminal nature and degree of the offense, which are conclusions of law from the facts; and also the particular facts and circumstances which render the defendant guilty of that offense, for the following reasons:

1. In order to *identify* the charge, lest the grand jury should find a bill for one offense, and the defendant be put upon trial for another, without any authority.

2. That the defendant's conviction or acquittal may inure to his subsequent protection, should he be again questioned on the same grounds; the offense, therefore, should be defined by such circumstances as will, in such case, enable him to plead a previous conviction or acquittal of the *same offense.*

3. To warrant the court in granting or refusing any particular right or indulgence which the defendant might claim as incident to the nature of the case.

4. To enable the defendant to prepare for his defense in the particular case; or, if he prefer it, to submit to the court, by

demurrer, whether the facts alleged (supposing them to be true) so support the conclusion in law, as to render it necessary for him to make any answer to the charge.

5. Finally, to enable the court, looking at the record after conviction, to decide whether the facts charged are sufficient to support a conviction of the particular crime, and to warrant their judgment.

It is a general rule, that all indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it; they must pursue the precise and technical language employed in the statute in the definition or description of the offense. Starkie on Crim. Pleading, 249; 1 Chitty's Crim. Law, 280–283; Ainsworth v. The State, 5 How., 242; Anthony v. The State, 13 S. & M., 263; Ike v. The State, 23 Miss., 525; Riggs v. The State, 26 Miss., 51.

For these reasons we think the indictment was insufficient to warrant the judgment of the court below.

The judgment must therefore be reversed, the indictment quashed, and cause remanded for further proceedings under a new indictment.