## ANDERSON LEWIS *v.* THE STATE.

1. INDICTMENT—ARSON.—All indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it. They must pursue the precise and technical language employed in the statute in the definition or description of the offense. Anthony's case, 13 S. & M., 263; Ikes' case, 23 Miss., 525; Riggs' case, 26 Miss., 51; Williams' case, 42 Miss., 328.

2. SAME—SPECIAL AVERMENT.—The Revised Code of 1871, § 2490 provides that "every person who shall willfully set fire to, or burn, in the night time, any house, ship, vessel, or boat, in which there shall be at the time, some human being usually staying, lodging or residing at night, upon conviction thereof, shall suffer death, or be imprisoned in the penitentiary for life." *Held:* To describe this offense, it is not sufficient to charge that the accused, "on the 10th day of October, 1871, in the county of Lauderdale, *in the night time,* a certain dwelling-house there situate, in which a human being was *at the time,* and usually lodging, did unlawfully, feloniously and maliciously set fire to, and burn, contrary to the statute," etc.; thus omitting to charge the "staying, lodging and residing" to be *at night,* as well as the burning.

Error to the circuit court of Lauderdale county. Hon. ROBERT LEACHMAN, Judge.

The facts in the case sufficiently appear in the opinion of the court.

*Smith & Fewell*, for plaintiff in error:

Cited Rev. Code 1857, 572, art. 11; Rev. Code 1871, § 2490; 2 East. P. C., 1034; Starkie Cr. P., 240; 5 Howard,

242; 13 S. & M., 263; 23 Miss. Rep., 525; 42 Miss. Rep., 328; Martha v. The State, 2 Ala., 72; Pitts v. The State, 43 Miss., 472.

*W. T. Deason*, for the State:

The objection to the indictment made by motion in the court below in arrest of judgment, could, under section 2884 of the Revised Code of 1871, only have been made before verdict, by motion to quash, or by demurrer.  See also section 2805 of the Code.  The verdict of the jury is fully sustained by the proof.

This case being one, dependent entirely upon circumstantial evidence, of which the jury were the sole judges, the question is not, is the verdict manifestly right, but is it manifestly wrong.  Cicely v. The State, 13 S. & M., 202; McCann v. The State, ib., 471; James v. The State, 45 Miss., 572.

On the subject of the prisoner's declarations, made before the burning, see Burrill on Circumstantial Evidence, 339, *et seq.*

TARBELL, J., delivered the opinion of the court:

The plaintiff in error was indicted, tried and convicted of the crime of arson, followed by a sentence of death, under section 2490 of the Code, which provides as follows: " Every person who shall willfully set fire to, or burn, in the night time, any house, ship, vessel, or boat, in which there shall be, at the time, some human being, usually staying, lodging, or residing at night, upon conviction thereof, shall suffer death, or be imprisoned in the penitentiary for life."

The indictment charges that "Anderson Lewis lately, to-wit: On the 10th day of October, 1871, in the county of Lauderdale, aforesaid, *in the night time*, a certain dwelling house there situate, in which a human being was *at the time*, and *usually lodging*, did unlawfully, feloniously and maliciously set fire to and burn, contrary to the statute,"

etc., thus omitting to charge the "staying, lodging or residing" to be "at night," as well as the burning.

There were motions in arrest, and for a new trial, both of which were overruled.

The point most earnestly urged is this, viz.: That the indictment is fatally defective in omitting to charge that there was some person usually lodging *at night* in the house burned, or, in other words, that the indictment does not sufficiently describe the offense to authorize a conviction, judgment and sentence. We have seen that the statute recites that "every person who shall willfully set fire to, or burn, *in the night time*, any house * * * in which there shall be, *at the time*, some human being usually staying, lodging, or residing, *at night*," shall, upon conviction, suffer death or imprisonment for life. And we have also seen that the indictment charges that Anderson Lewis, *in the night time*, a certain dwelling house, in which a human being was *at the time*, and *usually lodging*, did set fire to and burn, the lodging not being charged *at night*.

In Williams v. The State, 42 Miss., 328, it is declared to be "a general rule that all indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it; they must pursue the precise and technical language employed in the statute in the definition or description of the offense." See, also, Starkie on Cr. Pl., 249; 1 Chitty's C. L., 280; Ainsworth v. The State, 5 How., 242; Anthony's Case, 13 S. & M., 263; Ikes' Case, 23 Miss., 525; Riggs' Case, 26 Miss., 51.

It is objected that even if this indictment is defective, the objection should have been taken before plea, under section 2884 Code of 1871. But this provision is only a literal transcript of art. 7, sec. 3, ch. 64, Code of 1857, p. 573, under which the practice in the case at bar was well established. Jones' Case, 11 S. & M., 315; Kohlheimer's Case, 39 Miss., 557. The complete definition of the offense in this case, required the pleader to charge, not only the burning *in the*

*night*, in which there was a human being *at the time*, and usually lodging, but that such lodging was *at night*, which is a most important, as well as a material qualification. When this case was before us on a former occasion, the indictment was thought to be a substantial compliance with the statute, but upon more mature deliberation, and where the language of the statute is so easily followed, we have concluded to hold the courts to a somewhat strict adherence to the rule heretofore declared, in cases so highly penal. And it has a special application in the case at bar, wherein the conviction was based upon purely circumstantial evidence.

The judgment is reversed, the indictment quashed, and the cause remanded for further proceedings under a new indictment, for which purpose the accused will be detained in custody, subject to the orders of the proper court.