## ALBERT B. NORTON *v.* THE STATE.

1. SEDUCTION.   *Code* 1892, §§ 1298, 1341.  *Indictment.  Defect cured by verdict.*

   An indictment under § 1298, code 1892, which alleges that defendant obtained carnal knowledge of a woman or female child over the age of sixteen years "by virtue of a false or feigned promise of marriage," but fails to allege that the promise was made to her, if not demurred to, is sufficient after verdict.   Code 1892, § 1341.

2. INDICTMENT.   *Demurrer.   Motion to quash.   Code* 1892.  §§ 1354, 1355.

   Such defect, being apparent on the face of the indictment, can be reached by demurrer, but not by motion to quash.   Code 1892. §§ 1354, 1355.

3. SEDUCTION.   *Previous chastity of female.   Code* 1892, § 1298.

   Though not in terms so provided, it is essential to the offense created by § 1298, code 1892, that the woman seduced be unmarried and of chaste character at the time of the intercourse.   *Ferguson* v. *State*, 71 Miss., 805, qualified.

4. SAME.   *Indictment.   Accused unmarried.   Averment.*

   It is not necessary to allege that the man was unmarried, though, if married, and the woman knew it, no conviction can be had.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

Appeal from a conviction of seduction.   The case is stated in the opinion.   Section 1298, code 1892, upon which the prosecution is based, is as follows: "*Seduction of females over age of sixteen, by frauds, etc.*—If any person shall obtain carnal knowledge of any woman or female child over the age of sixteen years, by virtue of any feigned or pretended marriage, or any false or feigned promise of marriage, he shall, upon conviction, be imprisoned in the penitentiary not more than five years; but the testimony of the female seduced alone shall not be sufficient to warrant a conviction."

There was some testimony for the accused to the effect that the prosecutrix, Katie Douglass, was engaged to marry another man, and had sexual intercourse with him about the time accused began his visits to her. The court granted the following instruction for the state: "It is no defense to the indictment that Miss Katie Douglass was engaged to another man, or had illicit connection with another man. If you believe from the evidence that the defendant obtained illicit connection with her by a false or feigned promise of marriage, he is guilty as charged."

*Geo. S. Dodds* and *Willing & Ramsey*, for appellant.

1. The indictment does not allege that the promise was made to Katie Douglass. The motion to quash should have been treated as a demurrer, and the indictment quashed.

2. The instruction for the state, to the effect that the previous chaste character of the woman was immaterial, and that her unchastity was no defense, is in direct conflict with the law announced in *Ferguson* v. *State*, 71 Miss., 805.

*Frank Johnston*, attorney-general, for the state.

The indictment is in the words of the statute, and the objection that it does not allege that the promise of marriage was made to Katie Douglass is captious. It informs accused of the nature of the crime charged. 1 Bish. Crim. Pro., §§ 511, 526; Bish. Stat. Cr., § 645. Any other construction than that the promise was made to her is strained and unreasonable. 1 Bish. Crim. Pro., § 356.

The instruction for the state was proper. It followed the rule laid down in *Ferguson* v. *State*, 71 Miss., 805. The proposition that previous unchastity is not a defense to an indictment for seduction under our statute follows logically from the decision that such previous chastity need not be averred in the indictment, and was expressly announced in the two concurring opinions.

72 Miss.—9

Argued orally by *Geo. S. Dodds*, for appellant, and *Frank Johnston*, attorney-general, for the state.

WHITFIELD, J., delivered the opinion of the court.

We cannot treat the motion to quash as a demurrer. The language of §§ 1354, 1355, code 1892, is plain, and binds us. If a demurrer had been interposed below, it should have been sustained, and the indictment quashed, unless amended; for the averment, which ought to be clearly set forth in every indictment under § 1298, code 1892—that the defendant made the promise to the woman of whom he had the carnal knowledge— whilst set forth here in such wise as to prevent objection after verdict, is not set forth with such clearness as to sustain the indictment, against objection properly taken before verdict by demurrer. But, whilst we cannot treat the motion to quash as a demurrer, yet if the indictment omits altogether any averment that the defendant made the promise to the woman of whom he had carnal knowledge, which averment we hold to be essential in such an indictment, there would be a total omission of a matter of substance—of an element of the very essence of the offense—and the indictment would be void as charging no offense, and the judgment and sentence of the law could not follow upon a conviction had under it; and, a matter of constitutional right being thus involved, the point could be raised here, and § 1341, code 1892, would not apply, as held in *Lewis* v. *State*, 49 Miss., 356, and *Newcomb* v. *State*, 37 Miss., 397. The whole pith of the matter is put by Chief Justice Shaw (23 Pickering, 275) in this language, approved by this court in *Sullivan* v. *State*, 67 Miss, 351: "The verdict of a jury does nothing more than verify the facts charged; and, if these do not show the party guilty, he cannot be considered as having violated the statute." There can be no doubt that it is of the essence of the offense denounced by § 1298, code 1892, that the defendant should make a false or feigned promise of marriage to the woman in the case, and that the indictment should aver

this.   4 Parker's Crim. Rep., p. 528.   In Bishop's Directions & Forms, § 950, the proper form of indictment under this statute is specifically set forth, the language being "that A did obtain carnal knowledge of one X, . . by virtue of a false express promise of marriage to her previously made by the said A."

In *Callahan* v. *State*, 63 Ind., 199; *Cheney* v. *State*, 36 Ark., 75; *Grant* v. *State*, 4 Parker's Crim. Rep., 528 (which see specially); *Cole* v. *State*, 40 Texas, 148; *Bryan* v. *State*, 34 Kan., 68, and many others, it is expressly averred that the carnal knowledge was obtained by virtue of a promise made by the defendant to the woman in the case.   The indictment in *Ferguson* v. *State*, 71 Miss., 805, follows Mr. Bishop's form exactly, and this book is presumably in the library of every district attorney in the state.   The allegation in this indictment does not use the language "promise previously made by said defendant to said Katie Douglass," but it does allege that defendant had carnal knowledge of her "by virtue of a false or feigned promise of marriage."   We think this is a very defective allegation in the particular under consideration; but still there is, by necessary implication, the allegation that the promise was one made by defendant to Katie Douglass.   No other construction not too fanciful to serve as the basis of a judgment of reversal, can be made.   "When the description of the offense, taking into consideration its nature, and the natural and legal import of the terms used in designating it, is such as to convey a certain, clear and full idea of the offense charged, it is sufficient," says this court in *Jesse* v. *State*, 28 Miss., 109.   There can be no sound and satisfactory meaning given to this allegation, looking to the whole indictment, other than that the promise in question was one made by the defendant to Katie Douglass, defective as the allegation manifestly is.   In *Bryan* v. *State*, 34 Kan., 68, the indictment did not, in terms, charge that the woman seduced was a single woman, but it did charge that she was of the age of only seventeen years.   The court

said: "The allegation that Bryan, being a male person, seduced her under a promise of marriage, inferentially charged that the female was a single woman. It would conform to the better practice if the information contained an express averment that the prosecutrix was at the time a single woman; but as the language used necessarily implies that she was single at the time stated, and as appellant could not have been misled or prejudiced by anything in the information, we think it was not fatal for omitting the direct averment that the prosecutrix was a single woman."

We hold in this case that the allegation is very defectively made, but is set out by reasonable implication in such sense and with such sufficiency that, after verdict, it is aided by § 1341, code 1892. See note one to 1 Saunders' Reports, p. 227.

But it is insisted that the court below erred in granting the instruction given for the state. We think this instruction, applied to the facts of this case, squarely presents the question whether the woman should be of previous chaste character under this statute. We have found, after careful examination, but two statutes identical with ours, and those are the statutes of Arkansas and Texas; and, in the case of *Polk* v. *State*, 40 Ark., 482, a case strikingly like this in its facts, speaking of testimony offered by defendant to show previous unchaste character, which had been excluded by the court below, the court says: "In every prosecution for seduction, the character of the seduced female is involved in the issue. . . It is not, indeed, expressed in our statute, as it is in the statute of New York and of some of the other states, that the woman should have been of previous chaste character, but it is plainly implied. The legislature never intended to send a man to the penitentiary for having had illicit connection with a prostitute or a woman of easy virtue, where she had consented, even under a promise of marriage." And the supreme court of Michigan, construing a statute identical with ours in leaving out the words "of pre-

vious chaste character," and in a prosecution for "seducing and debauching an unmarried woman," says: "In most of the states these statutes make the seduction of a woman of previous chaste character indictable, while there are no such words, nor any of like import, in ours. If, however, we are correct in what we have already said upon the question as to what is necessary to make an act of illicit intercourse seduction, then the chastity of the female, at the time of the alleged act, is in all cases involved. This, upon principle, we consider the correct doctrine," citing many authorities.

In an elaborate note in 87 Am. Dec., p. 408, it is declared that "the evident design of the laws on this subject is to protect virtuous unmarried females." The Texas statute, practically identical with ours, also omits the words "of previous chaste character." But the supreme court of that state, in two well-considered cases, reported in 25 Am. St. Rep., p. 738, and 37 Am. St. Rep., 834, expressly held that the previous chaste character is involved in the very constitution of the offense, and the want of it a perfect defense. In the last case, decided in March, 1893, the trial court charged that, "if the jury believe defendant and Tina Garzell were well acquainted with each other, and defendant, knowing her character, promised to marry her, and subsequently seduced her by virtue of said promise, he could not avail of her want of chastity as a defense." The supreme court held it error, and reversed the case. A stronger and more pointed announcement of the view we are putting forward can hardly be imagined, the charge in that case being, as here, in the very language of the statute. It is true that, in nearly all the states, the statutes making punishable the seduction of women under promise of marriage have in the statutes the words, "of previous chaste character," or "of good repute," or similar words; but this legislative concensus, aided, too, by almost universal judicial concensus of opinion upon the identical subject, only emphasizes the accuracy of Mr. Freeman's statement, *supra*, that it is "the evident

purpose of these laws to protect virtuous unmarried females."
This statute (§ 1298), is a statute against the seduction of
females over sixteen by a promise of marriage. It is none the
less seduction, which is the thing denounced, because it is se-
duction in a specified mode—by the promise of marriage. We
must not confuse ourselves by arguing that, because the seduc-
tion made punishable here, is seduction under promise of mar-
riage, that the seduction is not still the substantive thing de-
nounced. The definition of seduction is necessarily at the thresh-
old of the inquiry. The legislature, doubtless, properly thought
that a woman may much more readily yield to this particular
mode of seduction—the promise of marriage—than to any other;
but it is seduction still, in its legal import, though accomplished
in this particular mode, which is here denounced. There can be
no such thing as the seduction of a woman at the time of se-
duction of unchaste character. The supreme court of Wisconsin
say, 1 Wis., p. 192: "A prostitute may be the subject of
rape, but not of seduction." And Chief Justice Brickell, in the
course of an admirable opinion in 73 Ala., 533, says: "The
word 'seduce,' as found in the statute" [one on this subject],
"imports not only illicit sexual intercourse, but it imports also
a surrender of chastity. The statute is for the protection of
the chastity of unmarried women, and the existence of the vir-
tue at the time of the intercourse is a necessary ingredient of
the offense; for, as has been often said, the prostitute may
be the victim of rape, but is not the subject of seduction.
By this is not meant, however, that the woman who may, at
some time, have fallen cannot be the subject of seduction.
That may be true, and there may be reformation; and, at the
time she yields to the man's embraces, she may have the virtue
of chastity, not in the high degree of the woman who has not
strayed, but yet within the meaning of the statute entitling her
to protection." The Alabama statute originally did not have
the words "of previous chaste character" in it, but, by amend-
ment, had them when this opinion was delivered. But the

opinion on the point of what seduction is, is directly relevant. It is abundantly settled that a woman who has fallen and has really reformed, is chaste, as Chief Justice Brickell says, within the meaning of all these statutes; for she is then chaste when the second time seduced by the feigned promise. 3 Lawyers' Anno. Rep., 529; 29 Ohio. St., 545; 33 Mich., 117. She, thus restored, is protected, because chaste then; but the prostitute who is such at the time of the promise, cannot then be seduced; she is already at the time without chastity. See, also, 8 Am. St. Rep., 870, note, and *Baird* v. *Boehner*, 72 Iowa, 318. The statute under consideration first appears in laws 1888, p. 89, under the title "An act to prevent the seduction of females." Section 1298, code 1892, is captioned, "Seduction of females over the age of sixteen by fraud," and the last clause in it uses the expression, "the female seduced." Section 1004, code 1892, is captioned, "Seduction of female child under sixteen." These two statutes are the necessary complements of each other. One punishes the seduction of girls under sixteen by any means, the other seduction of females over sixteen by means of a promise of marriage. But seduction is the substantive thing punished. Now, § 1004 requires the girl under sixteen years of age to be "of previous chaste character" before she can invoke the arm of the criminal law. Can it be possible that the legislature meant that the girl under sixteen should be required to show "previous chaste character," but the experienced nymph du pavement not? that the prostitute can invoke the vindicating power of the law on terms more favorable to success than the girl under sixteen? When Mrs. Quickly conceals from the lad who sails between Sir Jack's "East and West Indies" the contents of the notes, on the ground that it is not well children should know any wickedness, we have the great master of human nature raising into relief the truth universally recognized that childhood is, in the estimation of even the most hardened, the period of purity; and when we have the supreme court of

Wisconsin telling us, "If Joseph Andrews had yielded to the salacious solicitations of Lady Booby, as she lay naked in her bed, he would have been guilty of debauching her person, but certainly not of corrupting her mind," we have presented to our consciousness the other picture of the woman long past childhood with chastity gone.

Can the same act be a felony, punishable by five years' imprisonment in the penitentiary, if the female be a prostitute over sixteen years of age, but nevertheless innocent, and dispunishable if only the victim be a girl under sixteen? To hold that, in a prosecution of one for seducing a girl under sixteen, not yet imperiled by contact with the vicious, previous chastity is essential to conviction, but that, in a prosecution for seducing a woman long conversant with the existence of libertinism, chastity is not essential, is an obvious inversion of nature, for the presumption of purity must be strongest in the childhood period. If law is the perfection of reason, this construction must be discarded. There must be seduction—a leading aside from the path of virtue. She who is, at the time of the alleged seduction, already unchaste, may be still further debauched, but not seduced. It is a contradiction in terms to say that she who is already, at the time of the act, unchaste can be seduced. The transaction should not "smack of bargain and barter," but should speak the tragedy of betrayal. It will be specially noted that all the decisions referred to in this opinion, except those from Michigan, are on statutes for seduction under promise of marriage, like ours, and that the statutes of Arkansas and Texas are identical—the one literally, the other substantially—with ours.

As the case must go back for a new trial, we add that we do not regard the evidence in this record as sustaining the plea of the statute of limitations. Katie Douglass testified that the promises were continued up to the fall of 1893, and on this point the case of *People* v. *Millspaugh*, 11 Mich., 278, is decisive that the prosecution is not barred.

It is not necessary to allege that the man was unmarried, though, if married, and the woman knew it, no conviction could be had. Nor, it seems, is it essential that the indictment should aver that the woman was a single woman, this, it is said, being matter of defense. Bish. Dir. & Forms, § 950, note 3. But, as held in *Ferguson* v. *State*, 71 Miss., 805, it is better practice to make the averment.

The learned judge below, in granting the instruction complained of, very naturally misconceived the concurring opinions in the Ferguson case, and gave them a broader meaning than was intended. For the error indicated, the judgment is

*Reversed, and the cause remanded.*

COOPER, C. J., specially concurring.

In *Ferguson* v. *State*, 71 Miss., 805, in which the question as to whether the female, carnal knowledge of whom the defendant had obtained by promise of marriage, must have been of previous chaste character, was not necessarily involved. Judge Campbell and I doubted whether, under our statute, this fact was essential, and, in a concurring opinion therein, I expressed the opinion that such previous chaste character was not required. On a more careful examination of the question, I have reached the opposite conclusion. I am largely influenced by the fact that, in another section of the statute (§ 1004), where the seduction of females under sixteen years of age is denounced, the female must have been of previous chaste character. I cannot believe that the penaty of the law is denounced against the seducer of a female under the age of sixteen, only when she is of previous chaste character, and, yet, that previous chaste character is not essential when the woman is above that age.