HARRELL *v.* STATE.*

(Division B. Dec. 12, 1927.)

[114 So. 815. No. 26683.]

1. INDICTMENT AND INFORMATION. *Conviction of assault and battery with hands and fists held erroneous, under indictment charging assault with pistol with intent to kill (Constitution 1890, section 26).*

Where indictment charged crime of assault and battery with intent to kill and murder, describing weapon with which alleged assault and battery was committed with a pistol, conviction of assault and battery with hands and fists was erroneous, under Constitution 1890, section 26, requiring that defendant be informed by indictment as to nature and cause of accusation.

2. CRIMINAL LAW. *Defendant not objecting to evidence showing assault and battery may attack conviction therefor under indictment charging assault and battery with intent to kill.*

Defendant, charged with assault and battery with intent to kill and murder by use of pistol, was not precluded from taking advantage of erroneous conviction thereunder for assault and battery with hands and fists because of failure to object to evidence showing that such assault and battery was with hands and fists instead of with pistol, in that such evidence was relevant as tending to show defendant was not guilty of offense charged.

---

*Corpus Juris-Cyc. References: Assault and Battery, 5 CJ, p. 774, n. 99; p. 775, n. 1; Criminal Law, 17CJ, p. 55, n. 1; Indictments and Informations, 31CJ, p. 650, n. 65, 67; p. 846, n. 80.

APPEAL from circuit court of Rankin county.

HON. G. E. WILSON, Judge.

Ray Harrell was convicted of assault and battery, and he appeals. Reversed and remanded.

*W. E. McIntyre,* for appellant.

"The offense must be strictly proved as alleged." 5 C. J. 774. "An accusation for assault and battery charged that it was done with a pocket knife, and the evidence showed that there was no striking with a knife, nor an attempt to do so. The conviction should be reversed." *Johnson* v. *State,* 127 Ga. 277; *Wilson* v. *State,* 7 Ala. 66. See, also, *Lanier* v. *State,* 57 Miss. 102.

*Rufus Creekmore,* for appellee.

Under section 1257, Hemingway's Code, and the numerous cases construing it, the rule has become well settled that under an indictment charging an assault and battery with intent to kill and murder the appellant may be convicted of a simple assault and battery.

Counsel, however, seems to insist that there is a variance between the indictment and the proof offered in this case. . It will be observed from reading the record, how-

ever, that there was no variance in so far as the state's testimony was concerned, because their testimony shows that the assault was made with a deadly weapon, to-wit, a pistol. And, even had there been a variance, it became the duty of the appellant to object to the evidence on that ground, whereupon, under section 1266, Hemingway's Code, the indictment could have been amended to correspond to the proof offered. As he had not objected to the variance at that time, under section 1168, Hemingway's Code, he would have been barred from raising that point after the verdict has been returned in the cause.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted in the circuit court of Rankin county of the crime of assault and battery with intent to kill and murder, and was convicted under the indictment of an assault and battery, and from that judgment he prosecutes this appeal.

The indictment charged that:

Appellant "did unlawfully and feloniously make an assault with a certain deadly weapon, to-wit, a pistol; and with said deadly weapon and pistol did then and there willfully and feloniously strike, beat, bruise, and wound the said Richard Copeland, with the willful and felonious intent then and there him, the said Richard Copeland, unlawfully, feloniously, and of his malice aforethought, to kill and murder."

The evidence was conflicting as to whether the alleged assault and battery was committed by appellant with a pistol or with his hands and fists. The court charged the jury for the state that if the alleged assault and battery was committed by appellant either with his hands and fists or with a pistol, the jury should find him guilty of an assault and battery. The court refused an instruction requested by appellant, that, under the indictment

if the assault and battery was committed by appellant with his hands and fists, and not with a pistol, they should return a verdict of not guilty. The action of the court in so instructing the jury for the state, and refusing to instruct the jury to the converse for the appellant, is assigned and argued as error. The question therefore is whether under the law a defendant charged in an indictment with the crime of assault and battery with intent to kill and murder, where the indictment describes the weapon with which the alleged assault and battery was committed, can be convicted of an assault and battery inflicted by a weapon entirely different from that set out in the indictment. We think not. *Lanier* v. *State,* 57 Miss. 102, 5 C. J. 774, section 296.

Under the Constitution (section 26) a defendant is entitled to be informed by the indictment against him as to the nature and cause of the accusation which he is to meet. This provision of the Constitution has a twofold purpose. It is to secure to the defendant, charged with crime, such a specific description of the offense as will enable him to make preparation for his trial, and also such an identification of the offense as will insure him against a subsequent prosecution therefor. *Noonan* v. *State,* 1 Smedes & M. 562; *Murphy* v. *State,* 24 Miss. 590; *Garrard* v. *State,* 25 Miss. 469; *Riggs* v. *State,* 26 Miss. 51; *Norris* v. *State,* 33 Miss. 373; *Newcomb* v. *State,* 37 Miss. 383; *Williams* v. *State,* 42 Miss. 328; *Riley* v. *State,* 43 Miss. 397; *Thompson* v. *State,* 51 Miss. 353; *Miller* v. *State,* 130 Miss. 730, 95 So. 83; *Evans* v. *State,* 144 Miss. 1, 108 So. 725.

In 5 C. J. 774, section 296, the principle is stated thus: "It is generally held that where the means and details of the assault and battery are set out the proof must substantially conform thereto, as the means and details cannot be rejected altogether as surplusage, and the variance would be fatal, especially where an assault is not in the first instance charged, followed by a description of

the manner of its commission, but it is merely charged that an assault was made by certain means, although in a few jurisdictions it has been held that the description may be rejected as surplusage. Hence, it has been held that, where the indictment alleges that the weapon used was a knife, the proof must show that the offense was committed with a knife or other instrument falling within its class. But precise conformity in every particular as to the means and details of the assault is not required; it is sufficient if the proof conforms in general character and operation with the averments of the indictment. And where an indictment charges an assault to have been committed with several different weapons, it is not necessary to prove that defendant used all the weapons described. The indictment will be sustained by proving that one of the instruments was used as alleged.''

In *Ryan* v. *State,* 52 Ind. 167, and *People* v. *Casey,* 72 N. Y. 393, it was held that the description of the instrument with which the alleged assault and battery was committed should be rejected as surplusage. The courts generally, however, hold to the contrary; and our court, in *Lanier* v. *State, supra,* aligned itself with the majority of the courts. It was squarely held in that case that, under an indictment for an assault with a pistol with intent to kill and murder, the accused could not be convicted of assault and battery with a different weapon. Preparation to meet a charge of assault and battery with the hands and fists is a very different thing from preparation to meet such a charge with a pistol.

The attorney-general argues that appellant should not be permitted to take advantage of the error complained of, because he should have objected to the evidence tending to show that the assault and battery was committed with hands and fists instead of with a pistol. We disagree with the attorney-general. The evidence that the alleged assault and battery was committed with hands and fists, instead of with a pistol, was evidence

brought out and relied on by the appellant... It was rele-
vant evidence, because it tended to show that appellant
was not guilty of the offense as charged in the indict-
ment against him.

*Reversed and remanded.*