## ALBERT STRAUSS *v.* THE STATE.

1. CRIMINAL LAW. *Continuance. Sect. 2806, Code of 1871, construed.*
   Sect. 2806 of the Code of 1871 provides that, "in all applications for continuance, it shall be lawful for the State, or the defendant, to make any admission of any fact sought to be proved by the other party by any absent witness, and such admission shall have the same effect as if the absent witness or other evidence were present in court, and no more; but if compulsory process will possibly obtain the attendance of the absent witness, and the defendant has had no opportunity of obtaining such process, the cause shall be continued, unless the defendant desires a trial." The purpose and effect of this statute ·is this, and no more: First, to change the rule laid down in *Dominges* v. *The State,* 7 Smed. & M. 475, as to the effect of admissions made by the State as to facts expected to be proven by an absent witness, making such admissions have only the effect that the testimony of the witness would have if he was personally present; and, second, when it has been made out to the satisfaction of the court that the party applying for a continuance would be entitled to it but for the admission of the evidence of the absent witness, then to provide that such admission shall not have the effect to prevent a continuance if the attendance of the witness can be enforced by compulsory process, unless the defendant should desire a trial.

2. SAME. *Continuance. Application of sect. 2806, Code of 1871.*
   This statute does not apply in any application for a continuance until it has been first made out to the satisfaction of the court that but for a proposed admission of the evidence of the absent witness a continuance would be proper. Until that point has been reached, the statute cannot be considered by the court at all. And if the action of the court in holding the showing for a continuance to be insufficient be complained of, and it appear that the court did not consider the applicant entitled to a continuance but for an admission of the absent evidence, such action must be tested by the rules of the common law, unaffected by the statute.

3. SAME. *Continuance. Truth of affidavit. How tested.*
   In deciding upon the application of the defendant in an indictment for a continuance of his case, the circuit judge is not confined to a consideration of

the facts stated in the affidavit of the defendant, but may inquire into the truth of the statements contained in the affidavit, either by hearing other evidence or applying his own knowledge of what has occurred in the case up to the time the application is made.

ERROR to the Circuit Court of Warren County.

Hon. U. M. YOUNG, Judge.

The case is stated in the opinion of the court.

*W. R. Spears,* for the plaintiff in error.

The cases decided in this State on the subject of continuance were all anterior to the Code of 1871, and, while the statute of continuance was essentially the same as in the Code of 1871, were determined without reference to the statute,. and upon the common-law rule that applications for continuance are addressed to the "sound discretion of the court." While, as a matter of necessity, there must be something of "sound discretion," the common-law principle has been greatly abridged, and by the Code of 1871, sect. 2806, under certain circumstances a continuance is a matter of right secured by law. The portion of said section to which I desire to call attention is as follows, viz.: "And in all cases of application for continuance it shall be lawful for the State or the defendant to make any admission of any fact sought to be proved by the other party by any absent witness, and such admission shall have the same effect as if the absent witness or other evidence were present in court, and no more; but if *compulsory process* will possibly obtain the attendance of the absent witness, and the defendant has had no opportunity of obtaining such process, *the cause shall be continued,* unless the *defendant desires a trial.*"

Thus it will be seen that if the defendant is willing to admit what appears in the application made by the State, the trial *must proceed;* but, on the other hand, if compulsory process will *possibly* obtain the attendance of the absent witness, and the defendant has had no opportunity of obtaining such process, the *cause shall be continued.*

When the court has said that the matter is material, there

has been due diligence, compulsory process has not been issued, and the absent witness can *possibly* be obtained by compulsory process, then the continuance goes as a matter of right under the statute, unless the defendant is willing to go to trial, even although the State is willing to admit what is alleged in the defendant's affidavit. If the court before whom the application is pending does not hear testimony to controvert or deny what is set up in the affidavit, what is there stated then becomes, in that issue, true. The only thing then left in passing upon the application is for the court (1) to examine as to the materiality of the testimony; (2) as to due diligence. (3) Has compulsory process issued? (4) Can the witness be possibly obtained by compulsory process?

These questions are to be by the court decided *solely* by the affidavit tendered, and from no outside or extraneous matters; unless, as I have said, the matters in the affidavit are put in issue by hearing other testimony.

1. Let us now examine upon these points the case before us. Plaintiff in error was charged with assaulting Johnson with a knife on the twenty-sixth day of February, 1880. To controvert this, he asked to have present at the trial Ed. Harris and John Daveny, by whom he says " he expects to prove that he neither cut, stabbed, nor struck this man Johnson as alleged in the indictment; that they were present at the time of the altercation between him and Johnson, and know that he neither cut, stabbed, nor struck Johnson."

Can more material matter be suggested? This statement becomes specially material and important in discussing the conflicting testimony of the only two witnesses who swore against plaintiff in error, and upon whose testimony he was convicted.

2. As to due diligence, plaintiff in error says in his affidavit that he caused subpœnas to be issued for these two witnesses, and supposed they would be in court; that he was confined in jail, and did not know of their absence until he was brought

into court on the morning of trial.   This settles the question of diligence.

3. Has compulsory process issued?   This I suppose to mean attachment.   No attachment was issued, but plaintiff in error's motion was overruled, and he was forced into immediate trial.

4. Can the witnesses be had by compulsory process?   The affidavit shows that one resides in Warren County, in Vicksburg, and one in Yazoo City, and that both were only a few days before in the city of Vicksburg.

An argument may be made that these witnesses did not exist at all, because they were not called at the preliminary examination and because the subpœnas for them were returned " not found " at the final trial.   But an examination of the conflicting testimony of Johnson and Walker, the two State witnesses, if it were the same in the preliminary examination that it was at the final trial, will readily suggest why counsel did not call witnesses for defendant in the magistrate's court.

The question of continuance on account of absent witnesses has been very thoroughly discussed, under a statute, I think, the same as ours, by the Supreme Court of Kansas, in the case of *The State* v. *Hagan*, 22 Kan. 490, in which case it was by that court held as follows, viz. : " While continuances are largely within the discretion of the court, yet, when the defendant, at the term at which the information is filed, shows by his affidavit that there is material testimony which he has been unable to procure, and that he has used reasonable diligence to procure it under the circumstances, and that there is a probability of obtaining such testimony if a continuance is granted, *it is error to refuse such continuance.*"

*M. Green*, Attorney-General *pro tem.*, for the State.

The sole point relied upon for reversal is that the court erred in granting a continuance.

In reviewing this question, this court merely reviews the action of the judge below in the light of the whole case.

Every presumption is in favor of the correctness of his find-
ings of law and fact, and, as in cases of motions for new
trials, this court must be able to say that the court exceeded
its discretion and erred in the findings of law or fact.

It is contended that, under sect. 2806, Code of 1871, if a
witness can possibly be had by compulsory process, a con-
tinuance is a matter of right. But this is not true. In the
first place, defendant must have had no opportunity to obtain
such process. This is a condition precedent. It appears here
in the proof on this application, in his own affidavit, that one
witness is in Yazoo City and the other resides there. To
show that he has had no opportunity for compulsory process,
he introduces the return of the sheriff of Warren County,
made on the day set for trial, but does not show that any
subpœna has been issued to Yazoo County, where the parties
are. Further, there was a trial in a justice's court, and the
·defendant was represented by counsel. The absent witnesses
here were not summoned on said trial. Can it be said that
the defendant had no opportunity to summon these witnesses
by compulsory process? Was the finding of this fact mani-
festly wrong? If not, this court cannot reverse. Further,
the court had to pass upon the fact, from the evidence before
it, whether there were such witnesses; in other words, whether
the statements in the affidavit were true.

There is not a particle of proof in the whole case tending
to show the presence of such witnesses at the affray. Added
to this is the fact that no such witnesses were summoned be-
·fore the justice when there was a trial; and to this, the fact
that the sheriff of Warren County returns " not found," when
the affidavit states that they were in Vicksburg since the sum-
·mons issued; and to this, that no subpœna issued to Yazoo,
where the one party resided and the other was; and to this,
that the affiant states that he can prove the facts stated — viz.,
that he did not make the assault — by no other witness. It is
hardly probable that he would not have adduced, or attempted
to adduce, this vital proof before the justice if he had had it;

*à fortiori* would he have had subpœnas to Yazoo County, where the parties are said to live.

The judge, with the whole case before him, refused to set aside the verdict and grant a new trial, thereby reaffirming his ruling on the application for a continuance. *Lundy's Case,* 44 Miss. 676 ; *McDaniels' Case,* 8 Smed. & M. 414. This court cannot say that such action was clearly wrong. 13 Smed. & M. 599 ; 1 Geo. 369.

GEORGE, J., delivered the opinion of the court.

On the 20th of April, 1880, an indictment against the plaintiff in error, for an assault and battery with intent to kill and murder, was returned into the Circuit Court of Warren County. On the same day he was arraigned, and pleaded not guilty, and the trial was set for the 23d of that month. On the last-mentioned day he asked for a continuance, and filed in support of his motion his affidavit, in which he claimed that Ed. Harris and John Daveny were material witnesses in his behalf; that he expected to prove by them that he did not cut or strike the prosecutor as alleged in the indictment; that they were present at the altercation on which the indictment is based ; and that he could not prove these facts by any other witness. He further stated that he had caused summons to issue for them, which had been returned " not found," and that he had information that they were in the city of Vicksburg since the summons issued ; that Daveny, as he is informed, is in Yazoo City ; that Harris makes his home in Vicksburg, but was temporarily absent; that he is satisfied that he can procure their attendance at the next term of the court ; that he has been confined in jail, and has had no means of knowing of the absence of the witnesses until he was brought into court the morning of the day for which the trial was set. On the hearing of this application, J. L. Maganos, the justice of the peace before whom Strauss had his committing trial, was present in court ; and it was admitted by Strauss that the State could prove by him that on that trial no such

witnesses as those named in the application for a continuance were summoned, though there was a regular trial, witnesses being examined and the prisoner represented by counsel; and that on such trial the evidence did not disclose the presence of any such witnesses. The bill of exceptions which was taken to the judgment of the court overruling the motion for a new trial contains the recital that " the district attorney permitted the defendant to read his application and affidavit for a continuance in evidence. This the defendant refused to do." It also appeared that the summons for Daveny and Harris was issued to Warren County, and that on the day set for the trial it was returned " not found."

The court refused the application. On the trial two witnesses were examined for the State, who testified to the assault and battery, and that they were present. These witnesses did not disclose that any other persons were present besides themselves and the prisoner, nor were they interrogated as to those present, though it was evident if other persons were present they would have known it. There was a difference between these witnesses as to the particular part of the steamboat at which the altercation took place, one stating the place to be in the fore part and the other in the aft part of the boat, and there was also a material difference between them as to what occurred at the altercation; but they both stated facts which made the prisoner guilty of the charge.

A motion for a new trial was made, and one of the grounds assigned is that the court refused the continuance. Upon the overruling of the motion the accused presented his bill of exceptions, and now assigns for error the action of the court in refusing the continuance.

It is insisted that the court had no discretion, under the provisions of the statute (Code 1871, sect. 2806), as to the granting of the continuance. This statute provides that, " in all applications for continuance it shall be lawful for the State or the defendant to make any admission of any fact sought to be proved by the other party by any absent witness, and such

admission shall have the same effect as if the absent witness or other evidence were present in court, and no more ; but if compulsory process will possibly obtain the attendance of the absent witness, and the defendant has had no opportunity of obtaining such process, the cause shall be continued, unless the defendant desires a trial.''

The full scope and purpose of this statute is very clearly this, and no more : First, to change the rule laid down in *Dominges* v. *The State*, 7 Smed. & M. 475, as to the effect of admissions made by the State as to facts expected to be proven by an absent witness, making such admissions have only the effect that the testimony of the witness would have if he were personally present ; second, when it has been made out to the satisfaction of the court that the party applying for a continuance would be entitled to it but for the admission of the evidence of the absent witness, then to provide that such admission shall not have the effect to prevent a continuance if the attendance of the witness can be enforced by compulsory process, unless the defendant should desire a trial.

The statute, so far as it regulates the right to a continuance, does not apply in any case till it has been first made out to the satisfaction of the court that but for a proposed admission of the evidence of the absent witness a continuance would be proper. Until that point has been reached, the court cannot consider the statute at all. In this case it is clear that the court did not consider that the plaintiff in error was entitled to a continuance but for an admission of the absent evidence. The court did not require such admission to be made. The proposition of the district attorney to allow the affidavit for a continuance to be read seems to have been made on the trial of the case, and not on the trial of the motion for a continuance. And even if made on the trial of the motion, it was the mere offer of the district attorney, not required by the court, nor, so far as this record shows, concurred in by it.

If the action of the court in holding that the showing for a continuance was insufficient be complained of, it must be tested

by the rules of the common law, unaffected by this statute. Tested by these rules, it was a case clearly within the discretion of the judge to grant or refuse the continuance. It appears that the district attorney contested the truth of the facts stated in the affidavit, by proof offered that the prisoner had had a regular trial before the committing magistrate, in which witnesses were examined and he was represented by counsel, and that those very material witnesses, if his affidavit be true, were not summoned, nor did it appear from the evidence that they were present and witnessed the affair out of which the indictment grew. It is true that the prisoner was not bound to introduce any witnesses on that trial; but when it appears that the result of the trial was his committal to prison, out of which he was not delivered by bail, it would be a reasonable presumption that if he had witnesses who could establish his entire innocence, — and his right, therefore, to a discharge, — he would have made some effort to procure their attendance; or if, from motives of policy connected with his ultimate defence on the trial in the Circuit Court, he declined to call these witnesses, then, as he was represented by counsel, he should have shown by the affidavit of the counsel that the witnesses were not called for the reason above suggested.

The trial proceeded, notwithstanding his application for a continuance, and no effort was made to prove by the eye-witnesses who were examined that these alleged witnesses were present. The failure to prove this, or to attempt to do it, was a circumstance which strongly confirmed the learned circuit judge in the correctness of the refusal to grant the continuance, when he came to consider that ground of the motion for a new trial. The prisoner was convicted eight days prior to the end of the term of the court. The absent witnesses are said, one of them, to reside in the city in which the court was held, and the other in an adjoining county. No effort appears to have been made to have them or their affidavits present at the hearing of the motion for a new trial. It was plainly the

duty of the prisoner, under the circumstances, to have had these witnesses, or their affidavits showing what they would swear to, present at the hearing of the motion for a new trial, and to have shown that due diligence had been used and his efforts had proved fruitless.

A judge is better prepared on a motion for a new trial to decide upon the propriety of an application for a continuance than at its first hearing, and he should always have the opportunity of reviewing his action by such a motion, if it be complained of.

Looking at this application by the light thrown on it by all the facts, we have but little doubt that the conclusion reached by the circuit judge, that it was without merit, is correct.

We take this occasion to say that the circuit judge is not confined, in deciding on an application for a continuance, to a consideration of the facts stated in the affidavit of the prisoner. He has the right to inquire into the truth of the statements contained in the affidavit, either by hearing other evidence or applying his own knowledge of what has occurred in the case up to the time the application is made.

Judgment affirmed.