### CHRISTOPHER FOOSHEE v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Seduction. Chastity of woman. Code* 1891, § 1298.

   Under Code 1892, § 1298, making it a crime to seduce a woman over sixteen years of age by virtue of any feigned or pretended marriage or false promise of marriage, the previous chaste character of the woman is an essential element of the crime.

2. CRIMINAL PROCEDURE. *Absent witness. Attachment. Not found.*

   The return of "not found" on an attachment for an absent witness does not necessarily warrant the denial of a continuance on account of his absence.

FROM the circuit court of Pontotoc county.

HON. EUGENE O. SYKES, Judge.

Fooshee, appellant, was indicted, tried and convicted for the seduction of Zora McGreger, under Code 1892, § 1298, and appealed to the supreme court. The opinion states the case.

*Mitchell & Mitchell,* for appellant.

The court below should have granted a continuance. The indictment was filed on the 11th of December, and the trial began on the morning of the 12th. This was too short a time to obtain the presence of the witness Swain, a most important witness for the accused. A temporary absence of the witness from his home only a few hours doubtless caused a return of "not found" on the compulsory process. There was reasonable ground for believing that this witness could be secured at a

subsequent term of the court, hence the application for a continuance should have been granted.    3 Am. & Eng. Enc. Law, 809.

*J. N. Flowers,* assistant attorney general, for appellee.

There are no facts in the record upon which this court could base a reversal.    There is no way to tell whether the trial judge did right or wrong.    No proof was taken, or if there was, the record does not show it.    It will be presumed that the witness Swain could never be had, since the facts he was expected to swear to would force any man to leave.

The trial judge was acquainted with the situation, and with the parties, and this court will presume that he acted correctly.

Argued orally by *John H. Mitchell,* for appellant, and by *J. N. Flowers,* assistant attorney general, for appellee.

PRICE, J., delivered the opinion of the court.

On December 11, 1902, the grand jury of Pontotoc county returned an indictment against appellant for seduction.    At two o'clock on the same day the defendant was arraigned, and the state announced, "Ready for trial."    The defendant was not ready for trial, but made an application for a continuance on account of an absent witness, Jim Hitchcock.

Defendant's application for continuance:

"State of Mississippi, Pontotoc county.    Circuit court, December term, 1902.    *State v. Christopher Foshee.*    Personall appeared before me, R. B. Patterson, clerk of the circuit court of said county and state, Christopher Foshee, the defendant in the above cause, who, being first by me duly sworn, on oath says that he cannot safely go to trial at this term of the court on account of the absence of the witness James Hitchcock, who was duly subpoenaed for defendant in this case.    Defendant expects to prove by said witness that the woman, Zora McGreger, whom defendant is alleged to have seduced, told said

witness, after the alleged seduction happened, that the defendant was not at all to blame in the matter with which he is charged in this case, and that the defendant had not done to her any more than other boys had done before. Defendant states that he knows of no other witness by which these facts can be proved; that said matter is very material and important; that said witness is within the jurisdiction of this court, and has been present in court during every day of this term until the present; that said witness is not absent by the consent or procurement of said defendant; that this affidavit is not made for the purpose of delay, but in order that justice may be done. Christopher Fooshee.

"Sworn to and subscribed before me this 11th day of December, 1902. R. B. Patterson, Clerk."

Indorsed: "Filed December 11th, 1902. R. B. Patterson, Clerk."

The application was overruled, and the case set for trial at 8.30 the following morning. When the case was called for trial December 12th the absent witness, Hitchcock, had appeared; but the defendant made the following application for a continuance, by way of amending his original application, and on account of the absence of Benjamin Swain:

"Case called Friday morning, December 12, 1902, at 8.30 o'clock. The witness, Hitchcock, was present, and here counsel for the defendant asked to amend their motion for a continuance on account of a witness (Benjamin Swain) being absent, and he is a very material witness for the defendant, and the defendant wishes to prove some important facts by the witness, the said Benjamin Swain, and counsel for defendant believes that this witness can be had at the next term of this court.

"Amendment to affidavit for continuance.— Defendant expects to prove by this witness, Benjamin Swain, that said witness had sexual intercourse with Zora McGreger prior to the time that she alleges that the defendant seduced her; that

d'efendant knows of no other witness by whom he can prove the above fact; that said witness resides in the county, is a house-holder and permanent resident of this county; that he has been in this county during the term of court; that defendant expects and confidently believes that the attendance of this witness can be procured by the next term of this court, and therefore moves the court for a continuance."

The application for continuance was overruled in the follow-ing language, defendant excepting: "And it appearing to the satisfaction of the court that said witness, Benjamin Swain, had been duly served with process of the court, and attachment having been issued and returned 'Not found,' it is therefore considered by the court that, having exhausted the process of this court, said defendant's motion for continuance be, and the same is hereby overruled."   To which action of the court in overruling said motion the defendant then and there excepted in open court.   The case at once proceeded to trial, and resulted in a verdict of guilty, and the appellant was sentenced to one year in the state penitentiary.

There were thirty witnesses examined in this case, most of whom testified that either the prosecutrix's reputation for chas-tity was good at and prior to the date she was seduced, or that her reputation for chastity was bad.   There was evidence tend-ing to show many indiscretions, boldness, undue familiarity with men, but nothing criminal.

This brings us to a consideration of the proposition, was it error to overrule this application for a continuance, and force the defendant to trial without the witness, Benjamin Swain? Code 1892, § 1298, is as follows: "If any person shall obtain carnal knowledge of any woman, or female child, over the age of sixteen years, by virtue of any feigned or pretended marriage or any false or feigned promise of marriage, he shall, upon conviction, be imprisoned in the penitentiary not more than

five years; but the testimony of the female seduced alone shall not be sufficient to warrant a conviction."

The prosecutrix was a single woman over the age of sixteen years, and under the statute quoted, as construed in *Norton* v. *State,* 72 Miss., 128, 16 South., 264, 18 South., 916, 48 Am. St. Rep., 538, her previous chastity was essential to conviction. The application, as amended, in the light of the court's reason for overruling it, conformed to the essential requirement. The court gave as his reason for overruling the motion that process had been duly served upon the witness, and attachment had issued and was returned "Not found." We are unwilling to subscribe to the doctrine that when the defendant has shown due diligence, and where application is timely made, where the witness resides within the county, and has been duly served with process, and an attachment issued for the witness, and returned "Not found," and all this within one day; it exhausts the power and process of the court in such cases, especially in view of the fact that the defendant was indicted on the 11th, and tried on the following day. As the chastity of the prosecutrix was material and necessary to conviction, evidence of former acts of unchastity was very material evidence. The absence of the witness from his home for only a few hours on business or otherwise would easily account for his not being reached by compulsory process; but even should the witness, desiring not to testify against his partner in crime, have fled, certainly the defendant should not be prejudiced thereby. The case could have been continued without hurt to the state. *Scott* v. *State,* 80 Miss., 197, 31 South., 710; *Solomon* v. *State,* 71 Miss., 571, 14 South., 461; *Strauss* v. *State,* 58 Miss., 53; *Jones* v. *State,* 60 Miss., 117.

*Reversed and remanded.*