JOHN WOODWARD *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 167.]

CRIMINAL LAW. *Continuance. Absent witness.*

> The application of a defendant for a continuance, made by counsel
> appointed to defend him upon call of the case for trial only eight
> days after the finding of the indictment, should have been granted
> where it was shown that the preparation of the defense had been
> promptly begun and subpoenas issued for defendant's witnesses,
> that one material witness being in another county was not found,
> but was willing to appear, and that defendant would have him in
> attendance at the next term of court.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

The appellant, John Woodward, was indicted on August 21,
1906, for the murder of one Johnson, who had been killed only
a few days before, on August 11, 1906. Appellant was unable
to employ counsel to represent him on his trial, and, as the
charge was a capital offense, the court on August 21, 1906,
the date on which appellant was arraigned, appointed counsel
to defend him. When the case was called for trial eight days
later, counsel for appellant, having used due diligence to pre-
pare for the trial, moved for a continuance, showing by affidavit
of appellant that one Robinson, a resident of the county and a
most material witness for appellant, could not be found in the
county, although subpoena had been issued for him. The affi-
davit further set forth the substance of what the absent witness
would testify, and alleged that the witness was in another
county of the state; that he had written that he was willing to
appear and testify; and that appellant would have the witness
present at the next term of court. With the affidavit counsel
for appellant filed a letter dated August 27, 1907, written from

Canton, Mississippi, by the absent witness to appellant's employer, requesting money or a railroad ticket to enable him to return to the county. The prosecution objected to the continuance, and the court, after hearing testimony in the matter, overruled the motion, and forced appellant to an immediate trial. The appellant was convicted of manslaughter, and sentenced to the penitentiary for ten years. Appellant's motion for a new trial, based principally on the ground that the court erred in not granting a continuance, was overruled. Appellant thereupon prosecuted an appeal to the supreme court.

*Clem V. Ratcliff,* for appellant.

The case should be reversed and remanded. The homicide for which appellant was indicted was committed only a few days before the day of trial. Defendant had no means to employ counsel in his behalf, hence the court appointed counsel for his defense. Counsel were diligent in preparing for the trial, and in causing process to issue for appellant's witnesses. The case should have been continued on appellant's application. The absent witness was material, an eye witness, and it cannot be said that the verdict would not have been different if the absent witness had been present and testified. The appellant was left without a single witness in his behalf.

The application for continuance embodied all the requisite elements, and continuance should have been granted. Constitution 1890, art. 3, sec. 26; *Whit* v. *State,* 85 Miss., 208 (s.c., 37 South. Rep., 809); *Montgomery* v. *State,* 85 Miss., 330 (s.c., 37 South. Rep., 835); *Caldwell* v. *State,* 85 Miss., 383 (s.c., 37 South. Rep., 816); *Scott* v. *State,* 80 Miss., 197 (s.c., 31 South. Rep., 710); *Watson* v. *State,* 39 South. Rep., 689.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The only question of serious nature here is whether the court erred in refusing to grant a continuance on account of the absence of the witness, Robinson. On the hearing of the appli-

cation for continuance proof was taken, and it appeared that the witness was in Madison county. He had remained in Amite county until the circuit court was in session, and until the grand jury began to investigate this case. He had left the county, and, it may be, to avoid testifying. It was shown in the testimony that this absent witness, Robinson, was not present at the scene of the homicide. It would therefore appear that no harm resulted to appellant from the court's refusal to continue the case.

This case is in some respects similar to *Strauss v. State,* 58 Miss., 53. In that case, there was no explanation why appellant's absent witness, who was present at the committing trial, was not introduced, and there was an entire failure on the hearing of the motion for a new trial to introduce affidavits as to the facts within the knowledge of such witness. And, moreover, the witness in that case was almost momentarily expected to arrive in court.

The strong showing made by the testimony for the state, to the effect that the missing witness, Robinson, was not at the scene of the killing, nor in position to see the same, should be conclusive that the court's refusal to grant continuance was correct.

Argued orally by *C. H. Ratcliff,* for the appellant, and by *R. V. Fletcher,* assistant attorney-general, for the appellee.

CALHOON, J., delivered the opinion of the court.

The indictment is for murder, and was presented August 21, 1906. The case was called for trial August 29, 1906, when defendant below made his application for continuance, on which testimony was taken, and which was overruled on that same day, and on that same day trial and conviction of manslaughter were had, and motion for new trial overruled. In this situation, *Strauss v. State,* 58 Miss., 53, has no application. On the application before us, the continuance, or a postponement,

should have been ordered by the court; the testimony of the absent witness appearing to be of value.

*Reversed and remanded.*