## Neeley v. State.

(Division B.   Nov. 10, 1947.)

[32 So. (2d) 449.   No. 36557.]

M. V. B. Miller, of Meridian, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **M. V. B. Miller,** for appellant, and by **Geo. H. Ethridge,** for appellee.

**Griffith, P. J.,** delivered the opinion of the court.

Appellant was indicted and convicted under an indictment which purported to charge him with an attempt to

suborn perjury. There was a demurrer to the indictment sufficient in the grounds assigned to raise the point now to be mentioned, but the demurrer was overruled, erroneously as we think.

The body of the indictment reads as follows:

"That E. C. Neeley, in said County, on the —— day of April, A.D., 1946, when there was a criminal charge of unlawfully pointing and aiming a gun at and toward one John Landrum then pending against him in the Justice of the Peace Court of Judge Ransom Clark of Beat No. 1 in Lauderdale County, Mississippi, a court of competent jurisdiction, and that one R. C. Beasley was present and was a material witness for the State in said cause and would be so examined when said cause was heard, that his testimony was relevant, competent and material to said cause. That issue had been joined in said case, and that afterwards and before the trial of said cause above mentioned and while the said cause was pending in said court against the said E. C. Neeley, he, the said E. C. Neeley, knowingly, unlawfully and corruptly intending to pervert the due course of law, and designedly, maliciously, unlawfully and corruptly intending to procure false and corrupt testimony to accomplish said design, unlawfully, corruptly, feloniously and maliciously did solicit, attempt, suborn and endeavor to persuade, and procure the said witness, R. C. Beasley, when he was called as a witness on behalf of the State in said cause and upon the trial to falsely and unlawfully swear and give in evidence, to said court certain matters material, competent and relevant to said issue, in substance as follows:

"That one John Landrum was drunk when the crime occurred about which the charge in the above mentioned court is predicated, and that the defendant, E. C. Neeley, did not point a gun at John Landrum, and that the defendant, E. C. Neeley, did not have a gun at said time and place, that the said defendant, E. C. Neeley, offered to pay to the said witness, R. C. Beasley, the sum of $500.00 in

money if the said witness, R. C. Beasley, would testify to said false statements.

"That the said defendant, E. C. Neeley, well knew that John Landrum was not drunk at the time and place referred to in the charge pending in the Justice of the Peace Court of Judge Randsom Clark as aforesaid, and that the said defendant, E. C. Neeley, well knew that he did have a gun and did point the same at and towards John Landrum . . ."

It is an essential element of the offense of attempting to suborn perjury that the accused knows that the testimony which he wants the witness to give is false, and that the witness, as well as himself, is aware of the falsity thereof. 14 Am. Jur. p. 41 and 17 Am. & Eng. Ann. Cas. p. 1182, citing authorities. In 2 Bishop's New Criminal Law, p. 690, it is stated that "both the suborner and the suborned must, as an element of the offense, know the testimony to be false, and the former must be aware that the latter knows it otherwise there is not the needful corruption." See also 2 Wharton Crim. Law, 12th Ed., Sec. 1595—7. There can be no attempt as subornation unless the suborned, should he testify as solicited, would as a consequence give testimony which would be consciously, willfully and corruptly false on his own part.

It was, therefore, a necessary element of the offense that Beasley, the witness, must have been aware and of his own knowledge that the testimony which he was to give would be false if given as desired by the suborner, and being a necessary element, it must be charged in the indictment as a fact and not by way of inference unless, of course, the inference is a necessary or inescapable inference from other facts charged. Joyce on Indictments, Secs. 245, 246. The only allegation in the indictment by which knowledge would be charged to Beasley, the witness, is that he was present when appellant pointed a gun at the prosecuting witness Landrum and when it was a question at issue whether Landrum was drunk, but it does not follow as a necessary or in-

escapable inference that, although present, the witness Beasley would know whether Landrum was drunk or would know as a positive fact whether appellant pointed a gun—that there is strong inference that he probably knew is not enough; there must be that certainty therein which would exclude every other intendment. Riggs v. State, 26 Miss. 51, 54.

There are other errors in the record, but we do not pursue them, indulging the hope that, if another indictment is presented, there may be a calmer, a more cautious and a fairer trial.

The demurrer to the indictment is sustained and the judgment reversed, but appellant and will be held on his bond to await the further action of the grand jury and it is.

So ordered.